**Lana TODD, Individually and on Behalf of the Estate of Jefferson Todd, Appellant,**

v.

**PIN OAK GREEN a/k/a Pin Oak Park, and Gables Residential, Gables G.P., Inc., and Guardco, Inc., Appellees.**

No. 06–00–00135–CV.

Court of Appeals of Texas, Texarkana.

Submitted Aug. 28, 2001.

Decided April 26, 2002.

Robert L. Galloway, Mary–Olga Ferguson, Thompson Knight Brown Parker & Leahy, LLP, Houston, for appellant.

Debra E. Ibarra, Marvin C. Moos, Deanna D. Smith, Smith, Rymer, Moore & Moos, PC, Houston, for Guardco, Inc.

Jennifer L. House, House & House, PC, Houston, for Pin Oak Green A/K/A Pin Oak Park & Gables Residential.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

## OPINION

Opinion by Justice GRANT.

Lana Todd, the widow of Jefferson Todd, filed a negligence action concerning the death of her husband. She appeals from a take-nothing summary judgment rendered in favor of Pin Oak Green a/k/a Pin Oak Park and Gables Residential, Gables G.P., Inc., and Guardco, Inc.

Todd contends that the summary judgment was improper because she set out sufficient facts to establish that appellees owed a duty of care and that the harm caused by their negligent activity was foreseeable. In connection with the negligent activity claim, Todd alleged that the appellees undertook to direct her husband in a method of dealing with tenant disagreements, that the appellees did so negligently, and that Pin Oak's direction to Todd was the cause of her husband's death.

Jefferson Todd, a graduate pharmacy student, and his schoolteacher wife, Lana, lived in the Pin Oak apartment complex. In the first incident (which is not the incident that resulted in Jefferson Todd's death), the Todds were awakened by loud music from the apartment below them. Jefferson drove to the security gate, where Guardco employee Officer Owens told Jefferson to knock on the door of the apartment and attempt to resolve the complaint and that if this failed, to contact him and he would call the police. Jefferson knocked on the door, but there was no answer. He called Owens, who presumably called the police. An hour later, Jefferson called Owens, who said the police had come, but no one would answer the door. Jefferson later went downstairs again, and this time the tenant came to the door and agreed to turn down the stereo. He did not. Todd and his wife then mailed a letter to Pin Oak setting out the problem in detail and explaining the method they were directed to follow in attempting to resolve the problem. Pin Oak did not respond.

Two months later, they were similarly awakened at 3:00 a.m. by loud noises from a different apartment, this time above them. At 4:00 a.m., over her husband's protests, Lana went to ask them to keep the noise down. The evidence shows that occupants of the apartment, Deputy Constable Lance Bertolino and Deputy Constable Fernando Flores, had come to the apartment with a stripper from a local nightclub and engaged in sexual activity and alcohol consumption. Bertolino answered the door, and he agreed to stop the noise. He did not.

At 5:45 a.m., the Todds finally gave up and got up. After getting ready for work, Jefferson told Lana he was going upstairs to ask them to keep it down the next night because his final exams were about to begin.

Shortly afterward, Lana heard loud voices and multiple gunshots. She ran upstairs and found her husband lying in the hallway in a pool of blood, having been

shot six times with a .45 automatic. She screamed for help, and neighbors came to her assistance. In the meantime, Bertolino had closed the door and called 9–1–1, stating an officer had been shot.

The evidence shows Bertolino claimed he was fired on first. A pistol was found near Jefferson's body. There was some indication it may have belonged to Jefferson Todd. When the police recovered the weapon, it was not loaded and was physically inoperable, with lint in the barrel. Investigators suggested a ricochet bullet from Bertolino's own gun grazed him in the forehead when he started shooting. Bertolino was taken to a hospital, and blood tests showed his blood alcohol level was .197. Bertolino was also sued, and that lawsuit was settled.

Lana Todd sued the apartment complex and Guardco, alleging both were negligent and their negligence was a proximate cause of the death of her husband.

On appeal Todd only contends error on the court's rendition of summary judgment on the negligent activity claims; thus, that contention is the sole issue before this court.

Pin Oak and Guardco filed traditional motions for summary judgment alleging that there was no duty and that if there were, the wrongful acts were not foreseeable.

■■■ To obtain a traditional summary judgment, a defendant must either negate at least one element of the plaintiff's theory of recovery, *Walker v. Harris*, 924 S.W.2d 375, 377 (Tex.1996), or plead and conclusively prove each element of an affirmative defense. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex.1979). After the defendant produces evidence entitling it to summary judgment, the burden shifts to the plaintiff to present evidence creating a fact issue. *Walker,*

924 S.W.2d at 377. We take all evidence favorable to the nonmovant as true and indulge every reasonable inference in the nonmovant's favor. *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 549 (Tex.1985).

Her third amended petition. Todd alleges the defendants had actual authority over and the right to control the premises and property, and that "furthermore, . . . the Defendants were guilty of negligence. . . ." The pleading specifies she is alleging various omissions by Pin Oak to provide a secure environment and those omissions resulted in injury. She alleged that Pin Oak, through its representative from Guardco, took negligent affirmative actions that resulted in an injury.

The alleged affirmative act involved the security guard's advice to Jefferson Todd to knock on the door of noise makers and to try to resolve his problem. The Todds' position suggests they understood this to be a policy adopted by the management of the apartments and considered the security guard's statement to be made as an apparent agent of the apartments.

Pin Oak and Guardco take the position they had no duty to Todd because the injury caused by the criminal acts of a third party were unforeseeable. Foreseeability under Texas law has sometimes been considered an element of proximate cause. *Tex. & Pac. R.R. Co. v. McCleery*, 418 S.W.2d 494 (Tex.1967). In *Timberwalk Apartments, Partners, Inc. v. Cain*, 972 S.W.2d 749 (Tex.1998), the Texas Supreme Court addressed it as a matter of duty. In that case, the court stated the general rule that a person has no legal duty to protect another from the criminal acts of a third person, but pointed out the exception that "one who controls . . . premises does have a duty to use ordinary care to protect invitees from criminal acts of third parties if he knows or has reason to know of an unreasonable and foresee-

able risk of harm to the invitee." *Id.* at 756.

 Summary judgment proof attached to both Motions for Summary Judgment and response to the summary judgment details the circumstances surrounding the death of Jefferson Todd. In an affidavit (attached to the Motions for Summary Judgment) Diane Orr, a regional manager for the Gables Residential Apartments, swore she had reviewed all of the incident reports for the property in question for the period between April 23, 1996 and October 24, 1996, and found there were no prior incidents of violent crime against any person; she further swore she had been supervising the property for approximately twenty-four months before the shooting; and the shooting was the first incidence of violence against a person of which Gables Residential Apartments was aware relating to this property. She further stated that although incidents had been reported to the management before this incident, none of these prior incidents were substantially similar to this incident, and no one in management had perceived any threat of violent crimes to the tenants on the property. She also stated in her affidavit that the management knew of no prior murders or shootings on or in the proximity of the property that would have led management to believe violent persons were dwelling or remaining or in close proximity to the property or who were creating an ongoing threat to the residents and employees. The response to the summary judgment motion offered no summary judgment proof of any violent confrontations resulting from the alleged policy or violence of any nature that would have made the occurrence in question foreseeable to the appellees. Thus, the undisputed summary judgment proof establishes there was no basis for the appellees to have foreseen a dangerous situation that would be caused by any affirmative acts alleged by the Todds.

Therefore, Pin Oak and Guardco were entitled to summary judgment.

The judgment of the trial court is affirmed.