Jose CUMPIAN, Appellant,

v.

PAN AMERICAN EXPRESS, INC., Appellee.

No. 04–03–00224–CV.

Court of Appeals of Texas, San Antonio.

Aug. 18, 2004.

**516**

Emilio Alva, Law Office of Emilio Alva, Laredo, for appellant.

Elisamar Soto, Alvarez, Notzon & Gutierrez, L.L.P., Laredo, for appellee.

Sitting: ALMA L. LÓPEZ, Chief Justice, PAUL W. GREEN, Justice, KAREN ANGELINI, Justice.

## OPINION

Opinion by PAUL W. GREEN, Justice.

This case arises from a negligence suit filed by appellee Pan American Express, Inc. (Pan Am) against appellant Jose Cumpian (Cumpian). Pan Am's suit against Cumpian stemmed from a single vehicle accident which occurred while Cumpian was an employee of Pan Am. The suit alleged negligence, negligent entrustment, breach of contract, and conversion.[1] Following a bench trial, the court held that Cumpian was liable to Pan Am for negligence and negligent entrustment. Cumpian now appeals this decision in two issues.

### BACKGROUND

In 2001, Jose Cumpian was employed by Pan American Express as a long haul truck driver. Cumpian obtained permission from Pan Am to allow Victor Sauceda to accompany him on his route. Under the terms of the agreement between Cum-

pian and Pan Am, Sauceda was not to operate the vehicle, unload the vehicle, or perform any services for or on behalf of the company.

Cumpian and Sauceda were en route to Laredo, Texas, to deliver a load of wood chips on March 2, 2001, when Cumpian became tired and pulled over to the side of the road to sleep. He left the engine running and the keys in the ignition while he slept in the truck's sleeper cab. Cumpian testified that he woke only when he felt the truck turning and tumbling. While Cumpian had slept, Sauceda had climbed into the driver's seat and pulled out onto the road, eventually losing control and causing the vehicle to overturn.

Following the accident, Pan Am filed suit against both Cumpian and Sauceda, alleging several causes of action. After a bench trial, the court granted a directed verdict in favor of Cumpian as to the issues of breach of contract and conversion, but found against him on the negligence and negligent entrustment allegations. Cumpian now appeals the judgment against him.

### STANDARD OF REVIEW

In two issues, Cumpian claims the trial court erred rendering judgment against him because there was insufficient evidence to support Pan Am's negligence and negligent entrustment claims. In conducting a legal sufficiency review, we examine the evidence in a light that tends to support the finding of the disputed facts and disregard all evidence and inferences to the contrary. *Bradford v. Vento,* 48 S.W.3d 749, 754 (Tex.2001); *Texas Dept. of Mental Health & Mental Retardation v. Rodriguez,* 63 S.W.3d 475, 480 (Tex.App.-San Antonio 2001, pet. denied). If more than a scintilla of evidence exists, we will

---

1. Pan Am also sued Victor Sauceda, III in    conjunction with the same incident.

uphold the trial court's decision as legally sufficient. *Bradford,* 48 S.W.3d at 754. More than a scintilla of evidence exists if the evidence furnishes some reasonable basis for differing conclusions by reasonable minds about a vital fact's existence. *Id.* The trier of fact is the sole judge of the credibility of the witnesses and the weight to be given to their testimony. *Rodriguez,* 63 S.W.3d at 480.

## LEGAL SUFFICIENCY-NEGLIGENCE

■ Cumpian's first issue challenges the sufficiency of the evidence supporting Pan Am's negligence claim. To sustain a negligence action, the plaintiff must produce evidence of (1) a legal duty owed by the defendant to the plaintiff, (2) a breach of that duty, and (3) damages proximately caused by that breach. *Praesel v. Johnson,* 967 S.W.2d 391, 394 (Tex.1998). On appeal, Cumpian specifically challenges the trial court's finding of breach and proximate cause, admitting that a duty of ordinary care, a duty to act as a reasonably prudent person would have acted under the same or similar circumstances, did exist between Pan Am and himself. *See Colvin v. Red Steel Co.,* 682 S.W.2d 243, 245 (Tex.1984). Our review of the evidence, then, begins with breach.

■ At trial, Pan Am presented the testimony of Cumpian, as well as the testimony of Jose Flores, Marcel Notzon, and Elisamar Soto. Only Cumpian's testimony dealt directly with the events surrounding the accident.[2] Specifically, Cumpian testified that he had signed an agreement with Pan Am allowing Sauceda to accompany him and promising not to let Sauceda have control of the vehicle. During one of his work-related drives, Cumpian had become tired and stopped the vehicle. Leaving the keys in the ignition and the air condi-

tioner running, Cumpian climbed into the truck's sleeper compartment and fell asleep. On the stand, Cumpian stated that he awoke only when he "felt the vehicle tumbling." According to his testimony, it was only then that Cumpian realized Sauceda had been driving. He also testified that he did not give Sauceda permission to drive the truck or instruct him to do so.

Following argument from both sides, the trial judge stated that he found it "incomprehensible" and "unusual" that Cumpian slept through the truck "moving through the streets and changing gears ..." Although the trier of fact is the sole judge of the credibility of the witnesses and it was within the purview of the trial court to disbelieve Cumpian, Pan Am failed to introduce any evidence showing that Cumpian breached his duty of ordinary care to his employer. Because there is not even a scintilla of evidence showing breach, we cannot uphold the trial court's decision regarding Pan Am's negligence claim. *Bradford,* 48 S.W.3d at 754. Accordingly, we sustain Cumpian's first issue.

## LEGAL SUFFICIENCY-NEGLIGENT ENTRUSTMENT

■ In his second issue, Cumpian challenges the legal sufficiency of the evidence supporting Pan Am's negligent entrustment claim. To prevail on a claim of negligent entrustment, a plaintiff must show: (1) entrustment of the vehicle by the owner; (2) to an unlicensed, incompetent, or reckless driver; (3) that the owner knew or should have known was unlicensed, incompetent, or reckless; (4) that the driver was negligent on the occasion in question; and (5) that the driver's negligence proximately caused the accident.

---

2. The other witnesses testified as to the value of the damaged vehicle and as to the amount of attorney's fees accumulated during the preparation and trial of this case.

*Schneider v. Esperanza Transmission Co.,* 744 S.W.2d 595, 596 (Tex.1987); *Garcia v. Cross,* 27 S.W.3d 152, 155 (Tex.App.-San Antonio 2000, no pet.). The owner of the vehicle is the person or entity claiming ownership and having possession or exercising control over it. *Strickland Transp. Co. v. Ingram,* 403 S.W.2d 192, 194 (Tex. 1966).

■ Again, there was no evidence furnishing a reasonable basis for differing conclusions by reasonable minds regarding Cumpian's behavior. *Bradford,* 48 S.W.3d at 754. Even if the court chose to disbelieve Cumpian's testimony, Pan Am failed to introduce any evidence that Cumpian entrusted the vehicle to Sauceda. For this reason, we sustain Cumpian's second issue.

The judgment of the trial court is reversed and judgment rendered in favor of Cumpian.

