COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| RUBEN VASQUEZ, | § | No. 08-12-00091-CV |
| Appellant, | § | Appeal from the |
| v. | § | 143rd Judicial District Court |
| SOUTHERN TIRE MART, LLC, | § | of Ward County, Texas |
| Appellee. | § | (TC#12-02-22755-CVW) |
| | § | |

**O P I N I O N**

Appellant Ruben Vasquez ("Vasquez") appeals the trial court's grant of a no-evidence summary judgment in favor of Southern Tire Mart, LLC ("Southern Tire"), asserting that more than a scintilla of evidence exists raising a genuine issue of material fact supporting his claims. We affirm.

**BACKGROUND**

On June 11, 2010, Vasquez was involved in a single vehicle accident in Ward County, Texas. At the time of the accident, he was acting within the course and scope of his employment with Republic Services, Inc., d/b/a Duncan Disposal ("Republic"), driving a garbage truck. Vasquez alleged that, while operating the vehicle, the front passenger tire blew out and the brakes were no longer operating. As a result, the truck crossed the right shoulder and both lanes of the service road, climbed the embankment and eventually came to rest on the main railroad track. Vasquez injured his neck, lower back, left shoulder, right arm and head, and suffered a disc protrusion. Vasquez claims that the tire had been retreaded and that the tread separated, causing

the accident, and that the tire was supplied to Republic by Southern Tire. Vasquez filed suit alleging negligence on the part of Southern Tire and Republic contending that a defective tire, sold and installed on the vehicle by Southern Tire, blew out and caused the crash. Vasquez alleged that Southern Tire installed a retread tire on the vehicle in spite of an admonition made by Republic not to install retread tires, and that a vehicle with a retread tire was not capable of ordinary use. Vasquez further alleged that "[a]t the time and on the occasion in question, Defendant was negligent of various acts and omissions, which negligence was the proximate cause of the occurrence in question."

Southern Tire filed a no-evidence summary judgment motion, following which Vasquez filed an amended petition, alleging a *per se* violation of the Federal Motor Carrier Safety Regulations, 49 C.F.R. § 393.75 (2005). Vasquez filed a response to the summary judgment motion, attaching three affidavits. The first affidavit was his own and Vasquez repeated the information in his amended petition, although he included photographs of the truck and tire taken after the accident. Vasquez's affidavit stated that after the accident, he was advised by Republic's area manager that Southern Tire installed a retread tire on the vehicle despite being told not to use retreads because they were unsafe. Vasquez asserted in his summary judgment response that Republic's statement is admissible as a statement by a party opponent under Texas Rule of Evidence 801(e)(2). Vasquez's affidavit also included a statement that "[r]e-tread tires are not safe for trucks as large as the one I was operating or for loads that heavy as are found in the Federal Motor Carrier Safety regulations." In his response to the motion for summary judgment, Vasquez argued that Southern Tire breached its duty to him to install new tires rather than retread tires. The second and third affidavits concerned Vasquez's injuries. No additional evidence was

2

attached. The trial court asked that the parties provide letter briefs and only Southern Tire did so.

The trial court conducted a hearing. However, no record of the hearing was filed with this court. Ultimately, the trial court granted Southern Tire's summary judgment motion and severed the cause of action against Republic, thereby rendering a final judgment in favor of Southern Tire. Vasquez timely appealed.

## DISCUSSION

Vasquez's sole issue is that the trial court erred in granting the no-evidence summary judgment motion and that there is more than a scintilla of evidence raising a genuine issue of material fact to support his claim of negligence.

We review a trial court's summary judgment *de novo*. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). When a summary judgment fails to specify the grounds that the trial court relied upon for its ruling, we may affirm the judgment if any of the grounds advanced is meritorious. *Carr v. Brasher*, 776 S.W.2d 567, 569 (Tex. 1989); *Trinh v. Campero*, 372 S.W.3d 741, 743 (Tex.App.--El Paso 2012, no pet.).

When conducting a *de novo* review of a no-evidence summary judgment, we must determine whether the non-movant produced summary judgment evidence raising a genuine issue of fact as to the essential elements attacked in the no-evidence motion. *Johnson v. Brewer & Pritchard, P.C.*, 73 S.W.3d 193, 206-08 (Tex. 2002). We review the evidence presented in the light most favorable to the non-movant, crediting evidence favorable to the non-movant if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not. *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006). When the nonmovant presents more than a scintilla of probative evidence that raises a genuine issue of material fact, a

3

no-evidence summary judgment is improper. *Smith v. O'Donnell*, 288 S.W.3d 417, 424 (Tex. 2009). Summary-judgment evidence raises a genuine issue of fact if reasonable and fair-minded jurors could differ in their conclusions in light of all of the summary-judgment evidence. *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 755 (Tex. 2007).

A cause of action for negligence has three elements: (1) a legal duty; (2) a breach of that duty; and (3) damages proximately resulting from the breach. *Praesel v. Johnson*, 967 S.W.2d 391, 394 (Tex. 1998); *Salazar v. Ramos*, 361 S.W.3d 739, 747 (Tex.App.--El Paso 2012, pet. denied). Whether the duty exists under a given set of circumstances is a question of law for the court. *Greater Houston Transp. Co. v. Phillips*, 801 S.W.2d 523, 525 (Tex. 1990). No legal liability arises if no duty exists. *Strunk v. Belt Line Road Realty Co.*, 225 S.W.3d 91, 99 (Tex.App.--El Paso 2005, no pet.).

In his affidavit, Vasquez stated that on the Monday following the accident, he was told by Steve Todd, the area manager for Republic, that the tire blew out because it was a retread and that Republic had instructed Southern Tire not to use retread tires. Vasquez further testified that the retread tire was unsafe for trucks as large as the one he was driving, in violation of the Federal Motor Carrier Safety Administration ("FMCSA") regulations.[1]

Vasquez first asserts that the relevant statutory provisions support his claim. The parties both argue over the definition and application of the terms "retreaded" and "regrooved" in their briefs, a distinction that Southern Tire brought up in its letter brief following the summary judgment hearing. Vasquez argues that the terms "retreaded" and "regrooved" are "treated the same for the purposes of this hearing . . . ."

The FMCSA regulations relating to "Parts and Accessories Necessary for Safe Operation"

---

[1] Vasquez was driving a garbage truck.

4

are found at 49 C.F.R. § 393 *et seq*, with tires specifically discussed in 49 C.F.R. § 393.75. A review of 49 C.F.R. § 393.75 does not restrict the use of retreaded tires, save on the front wheels of a bus. *See* 49 C.F.R. § 393.75(e). This is further supported in guidance from the FMCSA regarding the interpretation of 49 C.F.R. § 393.75. *See* http://www.fmcsa.dot.gov/rules-regulations/administration/fmcsr/fmcsrruletext.aspx?reg=393.75 (last visited September 26, 2012). The FMCSA, in answering a question regarding the transportation of hazardous materials by a vehicle with retreaded tires, states "[T]he only Commercial Motor Carrier (CMV) that may not utilize retreaded tires is a bus, and then only on its front wheels." *See* http://www.fmcsa.dot.gov/rules-regulations/administration/fmcsr/fmcsrruletext.aspx?reg=393.75 &guidance=Y. There is a restriction on using regrooved tires on the front wheels of a truck if the vehicle in question has a load-carrying capacity of 4,920 pounds or more. *See* 49 C.F.R. § 393.75(c). However, no evidence appears indicating that the tires were regrooved or that the garbage truck had a load-carrying capacity which would have made it subject to this regulation.

Based on the plain language of the regulation and its intended interpretation as provided by the FMCSA, it is clear that the restriction on retreaded tires set forth in the regulations would not apply to a garbage truck, particularly in light of the fact that the only allegation was that the tires were retreaded. Vasquez produced no evidence establishing a duty under this federal regulation, or establishing that the tires on the truck were regrooved. Vasquez's response to the summary judgment motion failed to raise a scintilla of evidence in support of his claim. There is no genuine issue of material fact in relation to any alleged violation of 49 C.F.R. § 393.75 to suggest that a *per se* violation occurred. *Compare Strunk*, 225 S.W.3d at 101 (finding scintilla of evidence as to

5

issue of fact where expert report explained violation, and building codes were attached to summary judgment affidavit).

Vasquez's next argument is that as a result of the admission by a party-opponent, there exists more than a scintilla of evidence of both duty and breach. He contends that the admission of a party-opponent is not hearsay, as set out in TEX.R.EVID. 801(e)(2), specifically under subsection (D), which provides: "[a] statement is not hearsay if . . . [t]he statement is offered against a party and is . . . a statement by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship . . . ." TEX.R.EVID. 801(e)(2)(D). Vasquez argues that the statement of an area manager for Republic is admissible and is evidence that Southern Tire breached a duty it owed to Vasquez to install new tires, rather than retreads.

Southern Tire argues that the statement is first inadmissible hearsay, and second, that even if it is admissible, Vasquez provided no proof to establish the existence of an agreement or employment relationship between Republic and Southern Tire.

The evidence offered in support of a motion for summary judgment must be admissible. TEX.R.CIV.P. 166a(f). However, "[d]efects in the form of affidavits or attachments will not be grounds for reversal unless specifically pointed out by objection by an opposing party with opportunity, but refusal, to amend." *Id.* Evidence that contains hearsay is defective as to form and defects in form must be raised in the trial court, the opposing party must be given an opportunity to amend, and the trial court must rule upon the objection or the objection is waived. *S & I Mgmt., Inc. v. Choi*, 331 S.W.3d 849, 855 (Tex.App.--Dallas 2011, no pet.). The record does not reflect that Southern Tire objected to the statement as hearsay, and there is nothing in the

6

record before us indicating that a written ruling was obtained regarding the hearsay. Therefore, Southern Tire may not raise this argument for the first time on appeal.

However, substantive defects may be raised for the first time on appeal, and have been held to include defects that leave the evidence legally insufficient or that include affidavits containing nothing more than legal or factual conclusions. *Rockwall Commons Associates, Ltd. v. MRC Mortg. Grantor Trust I*, 331 S.W.3d 500, 507 (Tex.App.--El Paso 2010, no pet.), *citing Stewart v. Sanmina Tex., L.P.*, 156 S.W.3d 198, 207 (Tex.App.--Dallas 2005, no pet.).

Southern Tire argues that even if the statement were admissible, it would not establish a duty of care for a tort claim, implying that such a statement would give rise to a breach of contract claim. Southern Tire cites *Southwestern Bell Telephone Co. v. DeLanney*, 809 S.W.2d 493 (Tex. 1991) in support of its position that tort obligations are generally imposed by law and are distinct from a party's promises or intent. While this may be true, *DeLanney* does not support the limited interpretation proposed by Southern Tire as to the statement made by the area manager. The *DeLanney* court, citing previous Texas Supreme Court decisions,[2] recognized that there are circumstances where a defendant's conduct might give rise to tort liability independent of the fact that a contract existed between the parties. *DeLanney*, 809 S.W.2d at 494. In fact, the principle recognized in *DeLanney* is that "[t]he acts of a party may breach duties in tort or contract alone or simultaneously in both." *DeLanney*, 809 S.W.2d at 495, *citing Jim Walter Homes, Inc. v. Reed*, 711 S.W.2d 617, 618 (Tex. 1986). We do not find Southern Tire's limited view of *DeLanney* compelling.

However, even assuming that the statement in the affidavit would otherwise be admissible

---

[2] *Montgomery Ward & Co. v. Scharrenbeck*, 146 Tex. 153, 157, 204 S.W.2d 508, 510 (1947); *Jim Walter Homes, Inc. v. Reed*, 711 S.W.2d 617, 618 (Tex. 1986).

under a hearsay exception, the statement does not establish the requisite duty of care. Southern Tire's duty was to act as a reasonably prudent person would act under the same or similar circumstances regarding any reasonably foreseeable risk. *Colvin v. Red Steel Co.*, 682 S.W.2d 243, 245 (Tex. 1984). There is no duty to Vasquez in such a statement; only a duty to Republic.

There is no evidence of actual or alleged negligence in the installation of the tire; no evidence that Southern Tire knew of any damage or condition of the tire which would make it unsuitable or dangerous to use; no evidence that Southern Tire knew the tire was inappropriate or not capable of "ordinary use" on a garbage truck; no evidence that Southern Tire knew the tire was retreaded; and indeed, no evidence that Southern Tire actually even sold and/or installed the tire. In essence, there is no evidence of a duty. The only evidence is that Southern Tire installed a retread tire when it was allegedly told not to do so. Vasquez did not introduce any evidence showing that Southern Tire breached its duty of ordinary care to him. Because there is not even a scintilla of evidence establishing either a duty or a breach, we find no error in the trial court's grant of summary judgment. *C.f. Cumpian v. Pan American Exp., Inc.*, 147 S.W.3d 515, 517 (Tex.App.--San Antonio 2004, no pet.)(reversing trial court finding of negligence where plaintiff failed to introduce any evidence of breach of duty of ordinary care).

Assuming, *arguendo*, that a duty and a breach had been established, the summary judgment proof does not establish the requisite proximate causation. To establish proximate causation in a negligence claim, a party must prove both "cause-in-fact" and foreseeability. *See Western Investments, Inc. v. Urena*, 162 S.W.3d 547, 551 (Tex. 2005). These elements of proximate causation "cannot be established by mere conjecture, guess, or speculation." *Id.*, *citing Doe v. Boys Clubs of Greater Dallas, Inc.*, 907 S.W.2d 472, 477 (Tex. 1995). The test for cause

8

in fact is whether the act or omission was a substantial factor in causing the injury without which the harm would not have occurred. *Marathon Corp. v. Pitzner*, 106 S.W.3d 724, 727 (Tex. 2003). If the defendant's negligence merely furnished a condition that made the injuries possible, there can be no cause in fact. *See IHS Cedars Treatment Ctr. of Desoto, Tex., Inc. v. Mason*, 143 S.W.3d 794, 799 (Tex. 2003); *Urena*, 162.S.W.3d at 551 (citing same). Foreseeability requires that a person of ordinary intelligence should have anticipated the danger created by a negligent act or omission. *Doe*, 907 S.W.2d at 478. The danger of injury is foreseeable if its "general character . . . might reasonably have been anticipated." *Id.*

The summary judgment evidence presented by Vasquez is that the tire installed on the garbage truck was a retread tire, which blew out and caused him to lose control of the truck. No evidence was presented as to the course of the blow-out or whether the cause was because the tire was a retread tire. No evidence was presented to indicate that another factor may have precipitated the blow-out. Essentially, the only evidence produced by Vasquez is that the tire was a retread tire.

The undisputed summary judgment proof, taken in a light most favorable to Vasquez, establishes that there was no basis for Southern Tire to have foreseen that the installation of the retread tire was the cause-in-fact of the accident. *See Todd v. Pin Oak Green*, 75 S.W.3d 658, 661 (Tex.App.--Texarkana 2002, no pet.). Vasquez failed to raise even a scintilla of evidence establishing causation.

**CONCLUSION**

Having overruled Vasquez' issue on appeal, the judgment of the trial court is affirmed.

9

November 7, 2012

CHRISTOPHER ANTCLIFF, Justice

Before McClure, C.J., Rivera, and Antcliff, JJ.