**Opinion issued March 8, 2016**



In The

# Court of Appeals

For The

# First District of Texas

————————————

**NO. 01-15-00124-CV**

————————————

**SOUTHWEST PIPE SERVICES, INC. AND JOE BRIERS, Appellants**

**V.**

**SUNBELT RENTALS, INC., Appellee**

---

**On Appeal from the County Court at Law No. 2**
**Fort Bend County, Texas**
**Trial Court Case No. 13-CCV-050901**

---

**MEMORANDUM OPINION**

In this breach of contract case, Sunbelt Rentals, Inc. ("Sunbelt") sued

Southwest Pipe Services, Inc. and its president Joe Briers (collectively, "Southwest

Pipe") after Southwest Pipe rented machinery from Sunbelt and then failed to pay

for the rentals. Sunbelt moved for summary judgment on its own claim. The trial court granted summary judgment and awarded Sunbelt $29,731.63 in damages. In one issue, Southwest Pipe contends that, because it raised a fact issue by designating a responsible third party, the trial court erroneously rendered summary judgment in favor of Sunbelt.

We affirm.

## Background

Sunbelt rents equipment and machinery to other companies for use in various projects. Southwest Pipe removes pipelines, cleans the pipe, and then resells the pipe. In January 2008, Sunbelt and Southwest Pipe entered into an agreement whereby Sunbelt would periodically rent equipment to Southwest Pipe for use in its pipe-removal projects. Briers signed a personal guaranty.

From November 2011 through January 2012, Southwest Pipe rented equipment from Sunbelt for use in removing a pipeline in Upshur County, Texas. Sunbelt submitted periodic invoices to Southwest Pipe, totaling $29,731.63, but Southwest Pipe never paid any of these invoices. Sunbelt filed suit against Southwest Pipe, alleging suit on a sworn account, breach of contract and breach of Briers' personal guaranty, and quantum meruit.

Southwest Pipe filed an amended answer and asserted, as an affirmative defense, that Sunbelt's "alleged damages were the result of a responsible third

2

party." Shortly thereafter, Southwest Pipe filed a motion for leave to designate a responsible third party. In the motion, Southwest Pipe alleged:

> Southwest Pipe Services, Inc. hired Rodney Beshears as a sub-contractor to remove an abandoned pipeline. Beshears, utilizing equipment rented from [Sunbelt], almost immediately [began] removing the pipe and selling it to a local scrap dealer and pocketing the profits. As soon as [Southwest Pipe] discovered that Beshears was misappropriating the pipe, [Southwest Pipe] filed a [temporary restraining order] to stop Beshears. The [temporary restraining order] was granted, but the [temporary injunction] was unsuccessful. Beshears continued to use the rented equipment and continued to remove and sell the pipe that belonged to [Southwest Pipe]. Thus, Beshears is at least partially responsible for the rental bills claimed by [Sunbelt].

Sunbelt did not file an objection to this designation, and the trial court signed an order designating Beshears as a responsible third party.

Nearly one year later, in July 2014, Sunbelt moved for summary judgment on its own claims. As summary judgment evidence, Sunbelt attached Southwest Pipe's credit application, Briers' personal guaranty, and invoices relating to the Upshur County project. Sunbelt argued that Southwest Pipe, and Briers as guarantor, entered into an agreement with Sunbelt for Sunbelt to supply rental equipment "to be used for the improvement of real property and various other works performed by" Southwest Pipe. Sunbelt argued that Southwest Pipe had a duty to pay Sunbelt for the rental equipment, but Southwest Pipe breached the agreement by failing to pay for use of the equipment. Sunbelt further argued that it was entitled to $29,731.63 in damages, plus pre- and post-judgment interest, and

3

attorney's fees. It attached the affidavit of its counsel to support its request for $2,500 in attorney's fees.

In response, Southwest Pipe objected to Sunbelt's use of the credit application and the invoices, arguing that the documents were inadmissible hearsay because Southwest Pipe had not attached a business records affidavit. Southwest Pipe also argued that a fact issued existed as a result of the designation of Beshears as a responsible third party. Specifically, Southwest Pipe argued "that Mr. Beshears should be responsible for any alleged debts owed to [Sunbelt] because he utilized the equipment for his own benefit." Southwest Pipe pointed out that under Texas's proportionate liability scheme, the trial court shall grant leave to designate a named person as a responsible third party unless another party files an objection within fifteen days. Sunbelt did not file a motion objecting to the designation, so the trial court was required to designate Beshears as a responsible third party, and because the court did so, "[a] fact issue exists as to who is responsible for payment" to Sunbelt.

On September 19, 2014, Sunbelt filed an amended motion for summary judgment. This motion was substantively identical to Sunbelt's first summary judgment motion, but its exhibit containing Southwest Pipe's credit application and the unpaid invoices from the Upshur County project was accompanied by a

4

business records affidavit. Sunbelt set the motion for a hearing on November 12, 2014.

Southwest Pipe filed a response to the amended summary judgment motion on November 10, 2014. Southwest Pipe again objected to Sunbelt's summary judgment evidence, arguing that the affiant of the business records affidavit failed to establish that she was a custodian of records and that she was familiar with the manner in which the records were created and maintained. The remainder of Southwest Pipe's response was identical to its response to Sunbelt's first summary judgment motion.

The trial court did not rule on Southwest Pipe's objection to Sunbelt's summary judgment evidence. Instead, it granted Sunbelt's summary judgment motion and awarded Sunbelt $29,731.63 in damages, pre- and post-judgment interest, and $2,500 in attorney's fees. This appeal followed.

**Summary Judgment**

In its sole issue, Southwest Pipe contends that the trial court erred in rendering summary judgment in favor of Sunbelt because Southwest Pipe designated Beshears as a responsible third party, which creates a fact issue as to who must pay Sunbelt.

### A. Standard of Review

We review a trial court's ruling on a summary judgment motion de novo. *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). To prevail on a traditional summary judgment motion, the movant bears the burden of proving that no genuine issues of material fact exist and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). When a plaintiff moves for summary judgment on its own claim, it must prove that it is entitled to judgment as a matter of law on each element of its cause of action. *See MMP, Ltd. v. Jones*, 710 S.W.2d 59, 60 (Tex. 1986) (per curiam); *Cleveland v. Taylor*, 397 S.W.3d 683, 696–97 (Tex. App.—Houston [1st Dist.] 2012, pet. denied).

A matter is conclusively established if reasonable people could not differ as to the conclusion to be drawn from the evidence. *See City of Keller v. Wilson*, 168 S.W.3d 802, 816 (Tex. 2005); *Cleveland*, 397 S.W.3d at 697. If the movant meets its burden, the burden then shifts to the nonmovant to raise a genuine issue of material fact precluding summary judgment. *See Centeq Realty, Inc. v. Siegler*, 899 S.W.2d 195, 197 (Tex. 1995); *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 755 (Tex. 2007) (per curiam) (stating that summary judgment evidence raises fact issue if reasonable and fair-minded jurors could differ in their conclusions in light of all evidence presented). To determine if the nonmovant

raised a fact issue, we review the evidence in the light most favorable to the nonmovant, crediting favorable evidence if reasonable jurors could and disregarding contrary evidence unless reasonable jurors could not. *Fielding*, 289 S.W.3d at 848 (citing *City of Keller*, 168 S.W.3d at 827); *Cleveland*, 397 S.W.3d at 697. We indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Sw. Elec. Power Co. v. Grant*, 73 S.W.3d 211, 215 (Tex. 2002) (citing *Sci. Spectrum, Inc. v. Martinez*, 941 S.W.2d 910, 911 (Tex. 1997)); *Cleveland*, 397 S.W.3d at 697.

We must affirm a summary judgment order if any of the grounds presented to the trial court are meritorious. *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 216 (Tex. 2003); *Cleveland*, 397 S.W.3d at 697.

### B. Sunbelt's Breach of Contract Claim

To be entitled to summary judgment on its breach of contract claim, Sunbelt was required to conclusively establish (1) the existence of a valid contract; (2) its own performance or tendered performance; (3) Southwest Pipe's breach of the contract; and (4) damages sustained as a result of the breach. *See B & W Supply, Inc. v. Beckman*, 305 S.W.3d 10, 16 (Tex. App.—Houston [1st Dist.] 2009, pet. denied) (citing *Valero Mktg. & Supply Co. v. Kalama Int'l*, 51 S.W.3d 345, 351 (Tex. App.—Houston [1st Dist.] 2001, no pet.)). "A breach of contract occurs when a party fails or refuses to do something he has promised to do." *Id.* (quoting

7

*Mays v. Pierce*, 203 S.W.3d 564, 575 (Tex. App.—Houston [14th Dist.] 2006, pet.

denied)).

As summary judgment evidence, Sunbelt attached copies of Southwest

Pipe's 2008 application for credit with Sunbelt, as well as Briers' personal

guaranty and the invoices relating to the rental of equipment for the Upshur County

project.[1]  The credit application and the invoices were accompanied by a business

records affidavit from Catherine Hargis, Sunbelt's Corporate Collections Manager.

Hargis averred that Sunbelt "delivered all of the rental equipment in accordance

with the parties' agreement."  She also averred:

> Despite repeated requests on the part of [Sunbelt] that it be paid for
> such materials and equipment rental pursuant to the parties'
> agreement, the [Southwest Pipe has] failed and refused to pay for
> same.  [Southwest Pipe's] account balance with [Sunbelt] is
> $29,731.63.  [Southwest Pipe's] account has been kept on a
> systematic record and all lawful offsets, payments, and credits, if any,
> have been applied or accounted for.

---

[1]  Southwest Pipe objected to Sunbelt's Exhibit A—the credit application and the invoices—arguing that the business records affidavit failed to establish that the affiant was a custodian of records and that she was "familiar with the manner in which [Sunbelt's] records are created and maintained by virtue of the affiant's duties and responsibilities."  The trial court did not rule on this objection, either in the summary judgment order or in a separate order.  Defects in the form of summary judgment evidence must be raised before the trial court, and the court must rule on the objection or the objection is waived.  *See Vasquez v. S. Tire Mart, LLC*, 393 S.W.3d 814, 819 (Tex. App.—El Paso 2012, no pet.).  "[A] trial court's ruling on an objection to summary judgment evidence is not implicit in its ruling on the motion for summary judgment . . . ."  *Delfino v. Perry Homes*, 223 S.W.3d 32, 35 (Tex. App.—Houston [1st Dist.] 2006, no pet.).  Southwest Pipe points out that it objected to Sunbelt's Exhibit A, but it does not argue on appeal that the trial court erroneously overruled its objection to this evidence.  We hold, therefore, that Southwest Pipe did not preserve this issue.

This evidence conclusively establishes that the parties had a valid contract, that Sunbelt tendered performance, that Southwest Pipe breached the contract by not paying the agreed-upon rental amounts for the equipment, and that Sunbelt sustained damages totaling $29,731.63. *See id.*; *see also Triton 88, L.P. v. Star Elec., L.L.C.*, 411 S.W.3d 42, 56 (Tex. App.—Houston [1st Dist.] 2013, no pet.) (concluding that plaintiff conclusively established elements of breach of contract claim in summary judgment motion by presenting invoices and affidavits demonstrating amount owed and that invoices were unpaid).

Because Sunbelt conclusively established its right to recover damages from Southwest Pipe on its breach of contract claim, the burden shifted to Southwest Pipe to present summary judgment evidence raising a fact issue on an element of Sunbelt's claims. Southwest Pipe did not present any evidence in response to Sunbelt's summary judgment motion; instead, it argued solely that, because Beshears had been designated as a responsible third party, this designation created a fact issue "as to who is responsible for payment" to Sunbelt.

Southwest Pipe relies on Civil Practice and Remedies Code Chapter 33 to support its argument that the designation of Beshears as a responsible third party creates a fact issue in this case. Chapter 33 sets out the statutory scheme for the apportionment of responsibility in tort and deceptive trade practices actions. *Villarreal v. Wells Fargo Brokerage Servs., LLC*, 315 S.W.3d 109, 121 (Tex.

9

App.—Houston [1st Dist.] 2010, no pet.); *see* TEX. CIV. PRAC. & REM. CODE ANN. §§ 33.001–.017 (Vernon 2015); *Galbraith Eng'g Consultants, Inc. v. Pochucha*, 290 S.W.3d 863, 868 (Tex. 2009) ("The proportionate responsibility scheme of chapter 33, on the other hand, is a complex statutory scheme for the comparative apportionment of responsibility among parties in *most tort actions* in Texas.") (emphasis added). Chapter 33, by its plain language, does not apply to breach of contract actions. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 33.002(a) (Vernon 2015) (providing that chapter applies to "any cause of action based on tort" or "any action brought under the Deceptive Trade Practices-Consumer Protection Act" in which "a defendant, settling person, or responsible third party is found responsible for a percentage of the harm for which relief is sought"); *Doncaster v. Hernaiz*, 161 S.W.3d 594, 604 (Tex. App.—San Antonio 2005, no pet.) (holding that Chapter 33's doctrine of proportionate responsibility was not applicable because "underlying suit lies in contract, not in tort"); *see also Dugger v. Arredondo*, 408 S.W.3d 825, 832 (Tex. 2013) ("When the Legislature intends an exception to Chapter 33's broad scheme, it creates specific exceptions for matters that are outside the scope of proportionate responsibility.").

Southwest Pipe argues that Sunbelt has waived any argument about the applicability of Chapter 33 because Sunbelt did not file an objection in the trial court to Southwest Pipe's motion to designate Beshears as a responsible third

party. A "responsible third party" is "any person who is alleged to have caused or contributed to causing in any way the harm for which recovery of damages is sought . . . ." TEX. CIV. PRAC. & REM. CODE ANN. § 33.011(6) (Vernon 2015). Section 33.004 provides, in relevant part:

(a) A defendant may seek to designate a person as a responsible third party by filing a motion for leave to designate that person as a responsible third party. The motion must be filed on or before the 60th day before the trial date unless the court finds good cause to allow the motion to be filed at a later date.

. . . .

(f) A court shall grant leave to designate the named person as a responsible third party unless another party files an objection to the motion for leave on or before the 15th day after the date the motion is served.

. . . .

(h) By granting a motion for leave to designate a person as a responsible third party, the person named in the motion is designated as a responsible third party for purposes of this chapter without further action by the court or any party.

. . . .

(*l*) After adequate time for discovery, a party may move to strike the designation of a responsible third party on the ground that there is no evidence that the designated person is responsible for any portion of the claimant's alleged injury or damage. The court shall grant the motion to strike unless a defendant produces sufficient evidence to raise a genuine issue of fact regarding the designated person's responsibility for the claimant's injury or damage.

*Id.* § 33.004(a), (f), (h), (*l*) (Vernon 2015). The granting of leave to designate a responsible third party does not, absent joinder of the third party as a defendant,

11

impose liability on the responsible third party. *Flack v. Hanke*, 334 S.W.3d 251, 256 (Tex. App.—San Antonio 2010, pet. denied) (citing TEX. CIV. PRAC. & REM. CODE ANN. § 33.004(i)).

Southwest Pipe accurately points out that Sunbelt did not file an objection in the trial court to its motion to designate Beshears as a responsible third party, which was subsequently granted by the trial court. However, Southwest Pipe points to no authority holding that a breach-of-contract plaintiff's failure to object to a motion to designate a responsible third party renders Chapter 33's proportionate responsibility scheme applicable to the breach of contract action, contrary to an explicit statutory provision stating that Chapter 33 only applies to tort and deceptive trade practices actions. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 33.002(a) (providing that Chapter 33 only applies to "any cause of action based on tort" and "any action brought under the Deceptive Trade Practices-Consumer Protection Act"); *see also F.F.P. Operating Partners, L.P. v. Duenez*, 237 S.W.3d 680, 687 (Tex. 2007) ("Chapter 33 of the Texas Civil Practice and Remedies Code governs the apportionment of responsibility in cases within its scope."); *CBI NA-CON, Inc. v. UOP Inc.*, 961 S.W.2d 336, 341 (Tex. App.—Houston [1st Dist.] 1997, pet. denied) ("A breach of contract claim is not a basis for contribution under chapter 33 of the Texas Civil Practice and Remedies Code."). Under the facts of this case, Southwest Pipe cannot rely on Sunbelt's failure to object in the trial court

to its motion to designate Beshears as a responsible third party—or the fact that the trial court granted the motion despite statutory language providing that the proportionate responsibility scheme does not apply to this breach of contract action—to create a fact issue precluding summary judgment.

Because Southwest Pipe presented no other evidence controverting any element of Sunbelt's breach of contract claim, we hold that Southwest Pipe did not raise a fact issue on the claim and, thus, the trial court correctly rendered summary judgment in favor of Sunbelt. *See Centeq Realty*, 899 S.W.2d at 197 (holding that when movant conclusively establishes elements of its claim, burden shifts to nonmovant to raise fact issue to defeat summary judgment).

We overrule Southwest Pipe's sole issue.

## Conclusion

We affirm the judgment of the trial court.


Evelyn V. Keyes
Justice

Panel consists of Chief Justice Radack and Justices Keyes and Higley.

13