COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| QUOC C. TRINH, INDIVIDUALLY AND D/B/A SMART TOYS, | § | No. 08-10-00190-CV |
| | § | |
| Appellant, | | Appeal from the |
| | § | |
| v. | | 49th Judicial District Court |
| | § | |
| ADOLPH CAMPERO, INDIVIDUALLY AND CAMPERO & BECERRA P.C., | § | of Webb County, Texas |
| | § | (TC#2008CVQ001532D1) |
| Appellee. | § | |

**O P I N I O N**

Appellant, Quoc C. Trinh, individually and d/b/a Smart Toys (Trinh), appeals the granting of a summary judgment in favor of Appellee, Adolph Campero, individually and Campero & Becerra, P.C., (Campero). We affirm.

**FACTUAL & PROCEDURAL BACKGROUND**

Campero is an attorney who represented Trinh in a commercial transaction suit. Judgment in the commercial transaction suit was entered against Trinh and on September 29, 2008, Trinh filed suit against Campero for legal malpractice. Specifically, Trinh brought causes of action for negligence, breach of fiduciary duty, and breach of contract.

Campero filed a general denial on October 20, 2008. In August 2009, pursuant to Texas Rules of Civil Procedure 194 and 195, the trial court entered a Pre-Trial Guideline Order setting December 1, 2009, as the deadline for Trinh to designate testifying experts. On December 18, 2009, Campero moved for a no-evidence summary judgment. On January 29, 2010, Trinh filed a response to the motion and attached a supporting affidavit from attorney Elizabeth Higginbotham. In addition to the response, Trinh filed a designation of expert witnesses that identified

Higginbotham as an expert witness.

On February 5, 2010, the day of the summary judgment hearing, Campero filed objections to Trinh's expert. The written objection challenged "any expert and/or evidence from any expert or purported expert filed after the deadline to designate experts," and "any evidence from any expert and/or purported expert in support of Plaintiff's Response to No Evidence Motion for Summary Judgment." The record does not reflect that the trial court made a ruling on the objection to Trinh's expert. On February 8, 2010, the trial court granted the no-evidence summary judgment without specifying the basis for its ruling. This appeal followed.

## DISCUSSION

### *Standard of Review*

We review a trial court's summary judgment *de novo*.[1] *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). When a summary judgment fails to specify the grounds that the trial court relied upon for its ruling, we may affirm the judgment if any of the grounds advanced is meritorious. *Carr v. Brasher*, 776 S.W.2d 567, 569 (Tex. 1989); *Prize Energy Resources, L.P. v. Cliff Hoskins, Inc.*, 345 S.W.3d 537, 556 (Tex. App. – San Antonio 2011, no pet.).

"[A] party . . . may move for summary judgment on the ground that there is no evidence of one or more essential elements of a claim . . . on which an adverse party would have the burden of proof at trial." TEX. R. CIV. P. 166a(i). Such a motion "must state the elements as to which there is no evidence." *Id.* This rule "does not authorize conclusory motions or general

---

[1] This case was transferred from out sister court in San Antonio. Therefore we decide this case in accordance with the precedent of that court. TEX. R. APP. P. 41.3.

no-evidence challenges to an opponent's case." *Id.* 1997 cmt. Instead, "[t]he motion must be specific in challenging the evidentiary support for an element of a claim . . . ." *Id*.

A no-evidence motion for summary judgment is essentially a pretrial motion for directed verdict. TEX. R. CIV. P. 166a(i); *Timpte Industries, Inc. v. Gish*, 286 S.W.3d 306, 310 (Tex. 2009). Accordingly, we review the evidence presented in the light most favorable to the nonmovant, indulging every reasonable inference and resolving any doubts against the motion. *Yancy v. United Surgical Partners Int'l, Inc*. 236 S.W.3d 778, 782 (Tex. 2007); *City of Keller v. Wilson*, 168 S.W.3d 802, 824-25 (Tex. 2005). A movant for a no-evidence summary judgment must state which essential elements are without any evidentiary support. *Aguilar v. Morales*, 162 S.W.3d 825, 834 (Tex. App. – El Paso 2005, pet. denied).

The non-movant must then produce evidence raising a genuine issue of material fact on each challenged element. TEX. R. CIV. P. 166a(i); *Aguilar*, 162 S.W.3d at 834. When the nonmovant presents more than a scintilla of probative evidence that raises a genuine issue of material fact, a no-evidence summary judgment is improper. *Smith v. O'Donnell*, 288 S.W.3d 417, 424 (Tex. 2009). More than a scintilla of evidence exists when the evidence would permit reasonable and fair-minded people to differ in their conclusions. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003).

### The No-Evidence Motion for Summary Judgment

In a single issue, Trinh contends that the trial court committed reversible error in granting Campero's no-evidence summary judgment because he produced more than a scintilla of evidence in the form of an expert affidavit, raising genuine issues of material fact for his claims of negligence, breach of fiduciary duty, and breach of contract. Trinh also argues that because the

3

trial court did not rule on Campero's objection to the summary judgment evidence or strike the expert affidavit, Campero's objection has not been preserved for review and as such he has presented more than a scintilla of evidence to defeat Campero's no-evidence motion for summary judgment. On appeal, all that remains are Trinh's negligence and breach of fiduciary duty claims.[2] We first address Trinh's waiver argument.

*Campero's Objections to Trinh's Summary Judgment Evidence*

The trial court set December 1, 2009 as the deadline for Trinh's disclosure of testifying experts. Trinh filed his response with Higginbotham's affidavit and designation of expert witness more than a month after that deadline. Campero objected to the affidavit because the expert witness was untimely designated. The trial court did not rule on Campero's objection.

Campero argues that *Fort Brown Villas III Condominium Ass'n v. Gillenwater*, 285 S.W.3d 879, 880 (Tex. 2009) (per curiam) (holding that Rule 193.6 dealing with the exclusion of expert evidence, apply in equally in trial and summary judgment proceedings), requires the automatic exclusion of Trinh's expert affidavit. We disagree. The procedural facts in *Gillenwater* are distinguishable from the procedural facts in the case before us. In *Gillenwater*, unlike the present case before us, the trial court specifically ruled upon and sustained the objections that the expert affidavit was not timely disclosed under the scheduling order, and excluded the affidavit evidence. *Id*. at 881-82. In light of the factual and procedural differences, we find *Gillenwater* inapplicable.

---

[2] Generally, Texas courts do not allow negligence claims to be fractured into claims for fraud, breach of contract, breach of fiduciary duty, or DTPA violations because the real question is whether the attorney acted with the diligence required under the standard of care. *Kimleco Petroleum, Inc. v. Morrison & Shelton*, 91 S.W.3d 921, 924 (Tex. App. – Fort Worth 2002, pet. denied), *citing Averitt v. PriceWaterhouseCoopers, L.L.P.*, 89 S.W.3d 330, 333 (Tex. App. – Fort Worth 2002, no pet.). The rule seeks to prevent legal-malpractice plaintiffs from turning a claim that sounds only in negligence into other claims. *See Deutsch v. Hoover, Bax & Slovacek, L.L.P.*, 97 S.W.3d 179, 189 (Tex. App. – Houston [14th Dist.] 2002, no pet.). Here, Trinh relies on the same actions for both his breach of contract claim and negligence claim.

4

Failure to obtain written rulings on objections to summary judgment evidence waives the issue, unless the record contains an implicit ruling by the trial court. TEX. R. APP. P. 33.1(a)(2)(A) (trial court must either expressly or implicitly rule on an objection in order for an issue to be preserved for review); *Torres v. GSC Enterprises, Inc.*, 242 S.W.3d 553, 560 (Tex. App. – El Paso 2007, no pet.); *Strunk v. Belt Line Road Realty Co.*, 225 S.W.3d 91, 99 (Tex. App. – El Paso 2005, no pet). In order for an "implicit" ruling to exist, there must be something in the record reflecting that the trial court ruled on the objections, other than the mere granting of the motion for summary judgment. *Torres*, 242 S.W.3d at 560; *Strunk*, 225 S.W.3d at 99. Moreover, failure to timely designate a testifying expert is an error to which a party must object to and obtain a ruling on in order to preserve error. *Trusty v. Strayhorn*, 87 S.W.3d 756, 764 (Tex. App. – Texarkana 2002, no pet.).

It is undisputed that Trinh designated Higginbotham as an expert witness after his deadline for designating expert witnesses had expired. Although Campero filed a written objection to Trinh's untimely designation of Higginbotham as an expert, the record does not establish that the trial court expressly or impliedly ruled on his objection to the summary judgment evidence. *See Strayhorn*, 87 S.W.3d at 764; *Mitchell v. Baylor Univ. Med. Ctr.,* 109 S.W.3d 838, 842 (Tex. App. – Dallas 2003, no pet.) (if no order sustaining the objection exists on the record, evidence that has been objected to will remain part of the summary judgment proof); *Well Solutions Inc. v. Stafford*, 32 S.W.3d 313, 317 (Tex. App. – San Antonio 2000, no pet.) (a ruling on an objection to the nonmovant's summary judgment evidence is not implicit in the court's ruling on a motion for summary judgment). Because Campero failed to obtain a ruling on his written objection to

5

Trinh's expert, the issue was not preserved for our review. TEX. R. APP. P. 33.1. Accordingly, we consider Trinh's expert affidavit in reviewing the trial court's judgment.

*Genuine Issues of Material Fact*

*Legal Malpractice*

With regard to his negligence claim, Trinh's pleadings alleged Campero was negligent in failing to defend Trinh, failing to inform Trinh of the adverse judgment, failing to set aside the adverse judgment, failing to file any motion preserving any appellate deadlines, and failing to appeal the adverse judgment.

The elements of a legal malpractice claim are that: (1) the attorney owed a duty to the plaintiff; (2) the attorney breached that duty; (3) the breach proximately caused the plaintiff's injuries; and (4) damages occurred. *Belt v. Oppenheimer, Blend, Harrison & Tate, Inc.*, 192 S.W.3d 780, 783 (Tex. 2006). When a legal malpractice case stems from prior litigation, a plaintiff must prove that, "but for" the attorney's breach of duty, the plaintiff would have prevailed in the underlying case. *Grider v. Mike O' Brien, P.C.,* 260 S.W.3d 49, 55 (Tex. App. – Houston [1st Dist.] 2008, pet. denied), *citing Greathouse v. McConnell*, 982 S.W.2d 165, 172 (Tex. App. – Houston [1st Dist.] 1998, pet. denied). This is often referred to as the "suit-within-a-suit" requirement. *Id*. Generally, in a legal malpractice suit-within-a-suit, causation is proven by expert testimony. *Alexander v. Turtur & Assocs., Inc.*, 146 S.W.3d 113, 119-20 (Tex. 2004).

Campero's no-evidence motion for summary judgment sets forth that Trinh could produce no evidence of "any of the essential elements of the negligence claim" and specifically attacks the elements of breach and proximate cause. In response, Trinh offered the affidavit of attorney Higginbotham as summary judgment evidence. In her affidavit, Higginbotham opined on the

6

standard of care, the attorney's conduct which breached that standard, as well as violations of the State Bar Rules concerning attorney conduct. Higginbotham also made a conclusory opinion that the failures referenced in the affidavit constituted "blatant legal malpractice by Campero . . . ." However, the breach of standard of care and causation are independent inquiries, and an abundance of evidence as to one cannot substitute for evidence as to the other. *Alexander*, 146 S.W.3d at 119.

In the present case, Trinh was required to provide the causal link between Campero's negligence and Trinh's harm. *Alexander*, 146 S.W.3d at 119. While Campero contends that he also addressed the damages element, we note that his no-evidence motion for summary judgment does not expressly identify damages as a challenged element. TEX. R. CIV. P. 166a(i); *Aguilar*, 162 S.W.3d at 834 (movant for summary judgment must identify the elements as to which there is no evidence).

As to Trinh's breach of fiduciary duty claim, Campero also asserted in his no-evidence motion that Trinh could produce no evidence. In particular, he argued that there was no evidence of breach or that the purported breach resulted in injury to Trinh. In the expert affidavit, Higginbotham addressed the issues of duty and breach, but there was no evidence as to causation or how Trinh was injured as a result of Campero's breach of fiduciary duty.

Because Trinh's summary judgment evidence failed to address causation, Trinh failed to raise a fact issue as to that element in both his negligence and legal malpractice claims. Therefore, we hold the trial court did not err in granting Campero's no-evidence motion summary judgment. *See Rust v. Texas Farmers Ins. Co.*, 341 S.W.3d 541, 550 (Tex. App. – El Paso 2011,

7

pet. denied) (motion for summary judgment must be granted if the non-movant fails to produce evidence that raises a genuine issue of material fact). Issue One is overruled.

## CONCLUSION

We affirm the trial court's judgment.

GUADALUPE RIVERA, Justice

July 11, 2012

Before McClure, C.J., Rivera, J., and Antcliff, J.

8