

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| DAVID ORDONEZ, Individually and d/b/a/ O. D. MECHANICAL, | § | No. 08-13-00300-CV |
| Appellant, | § | Appeal from the |
| v. | § | County Court at Law No. 2 |
| MIGUEL SOLORIO, | § | of Dallas County, Texas |
| Appellee. | § | (TC#CC-11-06563-B) |
| | § | |

## **O P I N I O N**

This is a summary judgment case.   Miguel Solorio sued David Ordonez, Individually and

d/b/a O.D. Mechanical, for breach of contract, fraud and negligent misrepresentation, DTPA

violations, and conversion, arising from Ordonez's alleged improper installation of an HVAC

system.   Ordonez counterclaimed for breach of contract and fraudulent inducement.   Ordonez

appeals from the trial court's judgment granting Solorio's traditional and no-evidence motion for

summary judgment.   We affirm in part and reverse and remand in part.[1]

## **BACKGROUND**

---

[1]  This case was transferred from our sister court in Dallas, and we follow the precedent of the Dallas Court to the extent required by TEX.R.APP.P. 41.3.

Solorio first filed his suit pro se against Ordonez in the Justice Court (Precinct 1) of Rains County, Texas, on June 30, 2011. He sought $3,500 in damages, alleging his air conditioner system was not adequately installed, his "coils were stolen," and that Ordonez had installed a smaller unit than agreed upon. Ordonez, through his attorney J. Hamilton McMenamy, filed an answer in the Justice Court on July 22, 2011, raising affirmative defenses and a counterclaim for breach of contract.

On September 20, 2011, Solorio, now represented by attorney Carl Weinkauf, filed suit against Ordonez, individually and doing business as O.D. Mechanical, in County Court at Law No. 2 in Dallas County, Cause No. CC-11-06563-B. Solorio alleged he had contracted with Ordonez to install a new HVAC system in Solorio's house specifically because Ordonez had represented that he was an expert in residential HVAC systems. Solorio alleged that Ordonez installed a smaller HVAC unit than the one agreed upon, utilized used parts in the installation, failed to install proper duct work, failed to repair and replace the drywall and properly seal holes, and improperly retained the copper coils from Solorio's old HVAC unit. Solorio asserted causes of action for breach of contract, fraud and negligent misrepresentation, and DTPA violations arising from the faulty installation, and asserted a cause of action for conversion arising from the lost copper coils.

On October 4, 2011, the Rains County Justice Court granted a motion by Solorio, who was now represented by attorney Weinkauf, to transfer the Justice Court proceedings to Dallas County Court at Law No. 2. On October 13, the Justice Court entered a "Judgment" ordering that its case "be and is re-filed in the Dallas County Court at Law No. 2 with Cause No. CC-11-06563-B[.]" Subsequently on February 16, 2012, the Justice Court signed an "Order of Consolidation of Cases," ordering that the Justice Court case "is removed from this Court's docket and consolidated

2

into Cause No. CC-11-06563-B now pending in the County Court at Law No. 2 of Dallas County, Texas."

On July 5, 2012, Ordonez, through his attorney McMenamy, filed an original answer, plea to the jurisdiction, plea in abatement, and counterclaim in the Dallas County Court at Law No. 2 lawsuit. In part, Ordonez argued that the Justice Court's transfer of its case to Dallas County was void. Ordonez raised numerous affirmative defenses and counterclaimed both for breach of contract (alleging non-payment) and for fraudulent inducement (alleging Solorio misrepresented that he was the owner of the residence).

Eleven months later in a combined motion, Solorio moved for traditional summary judgment on all his claims, and for both traditional and no-evidence summary judgment on Ordonez's counterclaims and affirmative defenses. As summary judgment evidence, Solorio relied on his own affidavit, his attorney's affidavit, and Ordonez's "deemed admissions" arising from an unanswered request for admissions that had been served on attorney McMenamy on November 29, 2011, seven months before McMenamy filed Ordonez's original answer in the Dallas County suit. Ordonez responded with his own affidavit. Solorio objected to Ordonez's affidavit and asked that it be stricken. The trial court entered a written order sustaining Solorio's objections to Ordonez's affidavit and granted both Solorio's traditional and no-evidence motions.

In a "Final Summary Judgment," the trial court ruled that Solorio's summary judgment evidence established that Ordonez had breached the contract, converted Solorio's property, negligently misrepresented himself to Solorio, and had knowingly and intentionally violated certain provisions of the DTPA. The trial court awarded Solorio actual damages (with prejudgment interest) of $10,054.10, additional damages of $18,296.14 for knowing and

intentional violations of the DTPA, and attorney's fees of $12,756.25. The trial court ordered that Ordonez take nothing as to his counterclaims.

## DISCUSSION

Ordonez raises five issues on appeal. He contends the trial court erred: (1) in granting no-evidence summary judgment, because Solorio did not identify the specific elements of Ordonez's counterclaims and affirmative defenses he was attacking; (2) in relying on the deemed admissions, because they were served on an attorney who had not yet appeared as his attorney of record in the case; (3) in awarding additional damages under the DTPA, because the evidence did not establish any knowing or intentional conduct; (4) in rendering a take nothing judgment on his fraudulent inducement counterclaim, because Solorio failed to disprove at least one element of that claim; and (5) in rendering a take nothing judgment on his breach of contract counterclaim and in awarding actual damages to Solorio, because Ordonez's affidavit raised fact issues on that counterclaim and on those damages. We conclude: (1) Solorio's no-evidence motion was defective, and the trial court erroneously granted that motion; (2) the trial court erred in relying on the deemed admissions because the requests were never served on Ordonez or his attorney of record; (3) the trial court erred in awarding DTPA additional damages because Solorio failed to establish his entitlement to those damages as a matter of law; (4) Solorio's traditional motion failed to state a ground for summary judgment on Ordonez's counterclaim for fraudulent inducement; and (5) the trial court properly rendered a take nothing judgment on Ordonez's breach of contract counterclaim and in awarding actual damages to Solorio.

### No-Evidence Motion for Summary Judgment

4

In Issue One, Ordonez contends the trial court erred in granting no-evidence summary judgment, because Solorio did not identify the specific elements of Ordonez's counterclaims and affirmative defenses he contended were not supported by evidence. We agree.

The no-evidence portion of Solorio's summary judgment motion states:

> Plaintiff is entitled to a summary judgment as a matter of law on Defendant's counterclaims …, as well as his affirmative defenses …, as Defendant lacks evidence to support one or more of the elements necessary for each of these counterclaims and defenses.

The Rules of Civil Procedure require that a no-evidence motion "must state *the elements* as to which there is no evidence." TEX.R.CIV.P. 166a(i) (emphasis added). A no-evidence motion that fails to specify the elements as to which there is no evidence is defective and cannot support summary judgment, even if the nonmovant fails to object to that deficiency below. *See, e.g., In re Estate of Swanson*, 130 S.W.3d 144, 147 (Tex.App. – El Paso 2003, no pet.); *Cimarron Hydrocarbons Corp. v. Carpenter*, 143 S.W.3d 560, 563 (Tex.App. – Dallas 2004, pet. denied); *Crocker v. Paulyne's Nursing Home, Inc.*, 95 S.W.3d 416, 419 (Tex.App. – Dallas 2002, no pet.). Solorio concedes in his brief that his no-evidence motion "did not meet all of the requirements for such motions set out in TEX.R.CIV.P. 166a(i)[.]"

We conclude Solorio's no-evidence motion was fundamentally defective because it did not state the elements as to which there is no evidence, and that the trial court therefor erred in granting no-evidence summary judgment on Ordonez's counterclaims and affirmative defenses. Issue One is sustained.

**Deemed Admissions**

In Issue Two, Ordonez contends the trial court erred in relying on his deemed admissions because they were served on an attorney who had not yet appeared in the case. We agree.

5

The request for admissions was delivered to attorney McMenamy before he filed Ordonez's answer and became Ordonez's attorney of record in the Dallas County suit. The request was thus never properly served under Rule 198.1 and Rule 21a. Consequently, Ordonez had no obligation to answer the requests under Rule 198.2(a), and his failure to respond did not give rise to the requests being deemed admitted under Rule 198.2(c). We also conclude attorney McMenamy's appearance as Ordonez's attorney in the Rains County Justice Court suit did not constitute an appearance in the Dallas County suit because the Rains County Justice Court did not have the power to transfer and consolidate its case into the Dallas County suit. Moreover, we conclude that the failure to serve the request for admissions was a defect in substance, and that Ordonez was not required to object in order to attack the trial court's consideration of the purportedly deemed admissions on appeal.

Solorio's attorney attempted to serve Ordonez with the request for admissions in the Dallas County case on November 29, 2011, "by and through his attorney of record, J. Hamilton McMenamy" by certified mail. Ordonez's first appearance in the Dallas County suit, however, did not occur until seven months later on July 5, 2012, when J. Hamilton McMenamy as "Attorneys [sic] for Defendant" filed Ordonez's original answer.

Rule 198 of the Texas Rules of Civil Procedure entitles a litigant to serve requests for admissions on another party. TEX.R.CIV.P. 198.1. Depending on the time the requests are served, the party to whom they are addressed has 30 to 50 days to respond. TEX.R.CIV.P. 198.2(a). Should the receiving party's response be untimely or non-existent, each request is deemed admitted without the necessity of a court order. TEX.R.CIV.P. 198.2(c). "Yet, before one has an obligation to answer admissions or before any inaction on the part of the individual can

6

give rise to deemed admissions, it is axiomatic that the requests for admissions be served." *Payton v. Ashton*, 29 S.W.3d 896, 898 (Tex.App. – Amarillo 2000, no pet.). Rule 198.2(a) states that the responding party must answer within a certain time period "after service of the request[.]" TEX.R.CIV.P. 198.2(a). By "utilizing the words 'after service' the rule undoubtedly conditions the duty to respond upon service of the requests." *Payton*, 29 S.W.3d at 898.

Rule 21a provides the manner in which service of items such as a request for admissions can be completed. Rule 21a provides that "every pleading, plea, motion, or other form of request required to be served under Rule 21 … may be served by delivering a copy to the party to be served, or the party's … attorney of record[.]" TEX.R.CIV.P. 21a(a); s*ee also* TEX.R.CIV.P. 8 (requiring that all communications be made through the attorney in charge after that attorney has made an appearance on behalf of the litigant). An attorney becomes an "attorney of record" of a party by filing pleadings or appearing in open court on a party's behalf. *See Smith v. Smith*, 241 S.W.3d 904, 907 (Tex.App. – Beaumont 2007, no pet.) (concluding that the attorney was not an attorney of record so as to allow proper service under Rule 21a because the clerk's record did not indicate the attorney had filed an answer or appeared in open court on the party's behalf).

Thus, to be "served" the request for admissions was required to be mailed to Ordonez or to his attorney of record. Solorio did neither. The request for admissions was mailed to attorney McMenamy before he became an attorney of record for Ordonez. McMenamy did not become Ordonez's attorney of record until he filed Ordonez's original answer seven months later. Service on an attorney before that attorney becomes the party's attorney of record is not valid service under Rule 21a, and a request for admissions so served is neither properly served under Rule 198.1 nor deemed admitted under Rule 198.2(c). *See White v. Tricontinental Leasing Corp.*, 760 S.W.2d

7

23, 24-25 (Tex.App. – Dallas 1988, no writ) (request for admissions served on attorney during the time period he was not an attorney of record was not properly deemed admitted under the predecessor rule to Rule 198).

Requests for admission that are not deemed admitted are not proper summary judgment evidence and will not be considered in reviewing the adequacy of the summary judgment evidence. *See Dailey v. Albertson's Inc.*, 83 S.W.3d 222, 225 (Tex.App. – El Paso 2002, no pet.) (deemed admissions that had been withdrawn would not be considered in reviewing the adequacy of the summary judgment evidence).

Solorio argues that attorney McMenamy was Ordonez's attorney of record when he served his request for admissions, because by that time, McMenamy had already filed an answer on behalf of Ordonez in the Rains County Justice Court suit, and the Justice Court had transferred and consolidated its suit with the Dallas County suit. But, as Ordonez points out, there is simply no statutory or other authority permitting a trial court in one county to transfer a case to a court in another county or to unilaterally consolidate those cases. While the Texas Constitution and the Texas Government Code authorize courts within the same county to transfer cases and exchange benches (TEX. CONST. art. V, § 11; TEX.GOV'T CODE ANN. §§ 24.003 (West Supp. 2014), 74.094 (West 2013)), absent statutory authority, a court in one county lacks the power to transfer a pending lawsuit to another county. *Flores v. Peschel*, 927 S.W.2d 209, 213 (Tex.App. – Corpus Christi 1996, no writ). The Texas Rules of Civil Procedure authorize transfers to another county only in connection with venue motions. *See* TEX.R.CIV.P. 86-89, 502.4. And, the Texas Government Code permits inter-county transfers only in accordance with the judicial panel on multidistrict litigation. TEX.GOV'T CODE ANN. §§ 74.121, 74.162, 74.163 (West 2013).

8

We note that Ordonez filed a motion to continue the summary judgment hearing, which contained a "special exception" to Solorio using as summary judgment evidence any discovery "served" in November 2011[2] "before the case was legally constituted in this Court[.]" While the trial court denied Ordonez's motion for continuance, Ordonez did not obtain a written ruling on this objection.

Failure to obtain written rulings on objections to summary judgment evidence waives the issue, unless the record contains an implicit ruling by the trial court. *Trinh v. Campero*, 372 S.W.3d 741, 744-45 (Tex.App. – El Paso 2012, no pet.); *Torres v. GSC Enterprises, Inc.,* 242 S.W.3d 553, 560 (Tex.App. – El Paso 2007, no pet.); *Strunk v. Belt Line Road Realty Co.,* 225 S.W.3d 91, 99 (Tex.App. – El Paso 2005, no pet.); *see* TEX.R.APP.P. 33.1(a)(2)(A) (trial court must either expressly or implicitly rule on an objection in order for an issue to be preserved for review). In order for an "implicit" ruling to exist, there must be something in the record reflecting that the trial court ruled on the objections, other than the mere granting of the motion for summary judgment. *Trinh*, 372 S.W.3d at 745; *Torres,* 242 S.W.3d at 560; *Strunk,* 225 S.W.3d at 99. Other than the mere granting of the motion for summary judgment, the record does not establish that the trial court expressly or impliedly ruled on Ordonez's objection to the summary judgment evidence. Accordingly, this failure to obtain a ruling could constitute a waiver.

The Rules of Civil Procedure, however, distinguish between defects of form and defects of substance in summary judgment evidence. TEX.R.CIV.P. 166a(f). A defect in form requires both an objection and ruling in the record to argue the defect as a ground for reversal on appeal. *Id.*; *Giese v. NCNB Tex. Forney Banking Ctr.*, 881 S.W.2d 776, 782 (Tex.App. – Dallas 1994, no

---

[2] Solorio attempted to serve Ordonez with the request for admissions in the Dallas County case on November 29, 2011, through attorney McMenamy.

writ).  A defect of substance, in contrast, need not be the subject of an objection and may be raised for the first time on appeal.  *Dailey*, 83 S.W.3d at 225; *Bauer v. Jasso*, 946 S.W.2d 552, 557 (Tex.App. – Corpus Christi 1997, no writ).  As we have recognized, "form" is defined as the structure of something, while "substance" is a fundamental or characteristic part or quality.  *Dailey*, 83 S.W.3d at 226.  For instance, the lack of a formal recitation in an affidavit that the facts set out are within the affiant's personal knowledge is a matter of form, while lack of personal knowledge reflected in the affiant's testimony itself is one of substance.  *Id*.  Likewise, the issue here is not whether the form of the evidence showing the requests were served and unanswered was proper, but rather whether those requests, as a substantive matter, were deemed admitted under Rule 198.2(c).  We conclude this is a matter of substance that did not require an objection and ruling in the trial court in order to complain of the defect on appeal.  We sustain Issue Two, and we will not consider the purportedly deemed admissions in reviewing the adequacy of the summary judgment evidence.

### The Summary Judgment Evidence

In Issues Three-Five, Ordonez complains about the adequacy of the summary judgment evidence.  He contends Solorio's evidence did not establish as a matter of law that he acted knowingly and intentionally so as to support the award of additional damages under the DTPA, that Solorio failed to disprove an element of his fraudulent inducement counterclaim, and that his affidavit raised fact issues to avoid summary judgment on his breach of contract counterclaim and on Solorio's actual damages.  In this respect, Ordonez concedes there is sufficient evidence to support summary judgment for Solorio on liability and damages for $1,200 for conversion of the copper coils.  He also concedes the evidence supports liability as to Solorio's causes of action for

10

breach of contract, negligent misrepresentation, and DTPA violations, but asserts that fact issues remain as to the damages for those claims.

In reviewing the adequacy of the summary judgment evidence, we apply the well-established standards of review for traditional summary judgments. We review the trial court's grant of summary judgment de novo. *Shell Oil Co. v. Writt*, 464 S.W.3d 650, 654 (Tex. 2015); *Merriman v. XTO Energy, Inc.,* 407 S.W.3d 244, 248 (Tex. 2013). The evidence is viewed in the light most favorable to the nonmovant. *Shell Oil Co.*, 464 S.W.3d at 654; *City of Keller v. Wilson,* 168 S.W.3d 802, 824 (Tex. 2005). In reviewing the record, we indulge every reasonable inference in favor of the nonmovant, and resolve any doubts in favor of the nonmovant. *Shell Oil Co.*, 464 S.W.3d at 654; *Buck v. Palmer,* 381 S.W.3d 525, 527 (Tex. 2012).

### *Additional DTPA Damages*

Under the Deceptive Trade Practices Act, a consumer may recover additional damages of up to three times the amount of actual damages if the trier of fact finds that the defendant's conduct was committed knowingly or intentionally. TEX.BUS.&COM.CODE ANN. § 17.50(b)(1) (West 2011); *Bus. Staffing, Inc. v. Jackson Hot Oil Serv.*, 401 S.W.3d 224, 240 (Tex.App. – El Paso 2012, pet. denied); *Texas Mut. Ins. Co. v. Sara Care Child Care Center, Inc.,* 324 S.W.3d 305, 318 (Tex.App. – El Paso 2010, pet. denied). The trial court awarded Solorio $18,296.14 in additional damages based on Ordonez's knowing and intentional conduct. In Issue Three, Ordonez contends there is a complete absence of evidence that his conduct was knowing or intentional. We conclude Solorio failed to establish as a matter of law his entitlement to additional damages under the DTPA.

Ordonez argues that while the deemed admissions could have established knowing

11

conduct, Solorio's affidavit does not.   In his affidavit, Solorio stated:

> Based on what I later discovered, the representations made by Mr. Ordonez regarding his ability and expertise in installing HVAC units were false when Mr. Ordonez made them, and Mr. Ordonez knew they were false at that time, or he made them with a reckless disregard for the truth of the things he said.

Ordonez contends this was insufficient to show actual awareness that his conduct was unfair or deceptive.   Solorio concedes that to be entitled to additional DTPA damages, he was required to show that Ordonez acted with actual awareness that his conduct was unfair or deceptive.   *See St. Paul Surplus Lines Ins. Co. v. Dal-Worth Tank Co.*, 974 S.W.2d 51, 53-54 (Tex. 1998); *Blue Star Op. Co. v. Tetra Tech.*, 119 S.W.3d 916, 920-21 (Tex.App. – Dallas 2003, pet. denied).

Ordonez's statements in his affidavit that Ordonez knew the representations were false or he made them with reckless disregard of the truth are conclusory and are not competent summary judgment evidence.   *See Souder v. Cannon*, 235 S.W.3d 841, 851 (Tex.App. – Fort Worth 2007, no pet.) (statements in an affidavit that the non-movant knew about false payments and was aware of the financial difficulties were conclusory and would not considered in review of sufficiency of the summary judgment evidence); *Brown v. Brown*, 145 S.W.3d 745, 751 (Tex.App. – Dallas 2004, pet. denied) ("An affidavit that is conclusory is substantively defective.")

Solorio argues, however, that Ordonez's knowing and intentional conduct can be inferred from his evidence that a different HVAC unit was installed than agreed upon in what he calls "a classic case of 'bait and switch'."   But, Solorio moved for additional damages solely on the basis of Ordonez's representations about "his ability to properly install the HVAC Unit[.]"   Evidence of a "bait and switch" was not relevant to Ordonez's ability and expertise in installing residential

12

HVAC systems, which was Solorio's sole ground for the recovery of additional DTPA damages.[3] *See* TEX.R.CIV.P. 166a(c) ("Issues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal.").

The only other possible relevant evidence contained in Solorio's affidavit related to a Guadalupe Monroy and her parents, who Solorio claimed had a "similar problem with Mr. Ordonez" a few days before he hired Ordonez.[4] Solorio appears to claim this evidence establishes Ordonez had actual awareness of the falsity of his representations to Ordonez that he had the ability and expertise to properly install the HVAC system. We disagree that any previous problems Ordonez had with third parties over repairs to a commercial walk-in cooler established that Ordonez knowingly lied to Solorio about his ability and expertise to install a residential HVAC system, much less established that proposition as a matter of law, which was Solorio's burden. Issue Three is sustained.

### Ordonez's Counterclaim for Fraudulent Inducement

Ordonez raised a counterclaim for fraudulent inducement based on the allegation that Solorio misrepresented he owned the residence where the HVAC unit was installed. Solorio moved for both no-evidence and traditional summary judgment on Ordonez's counterclaims. As concluded above, the no-evidence motion was defective, and thus Solorio's burden on traditional summary judgment was to disprove as a matter of law at least one element of Ordonez's fraudulent inducement counterclaim. *Science Spectrum, Inc. v. Martinez*, 941 S.W.2d 910, 911 (Tex. 1997).

---

[3] In any event, we doubt the installation of a different HVAC unit alone would establish as a matter of law that it was done with an actual awareness that the conduct was unfair or deceptive.

[4] Solorio's affidavit states: "I also found out that another group, Ms. Guadalupe Monroy and her parents, had had a similar problem with Mr. Ordonez, when Mr. Ordonez failed to properly make repairs to the walk-in cooler in their restaurant. A few days before I hired Mr. Ordonez, they paid Mr. Ordonez over $6,000.00, but the walk·in cooler would never cool. They also had to hire and pay someone else to do the work the Mr. Ordonez and his employees failed to do."

13

In Issue Four, Ordonez contends that the trial court could not grant traditional summary judgment on the fraudulent inducement counterclaim, in part, because nothing in Solorio's summary judgment motion or evidence mentions the fraudulent inducement counterclaim or the facts connected to it, *i.e.*, Solorio's representations about his ownership of the residence where the work took place. While Solorio argues in his brief that his affidavit and evidence disproved several elements of the fraudulent inducement counterclaim, he made none of these arguments in his motion for summary judgment. Solorio's complete statement in his motion concerning traditional summary judgment on Ordonez's counterclaims was:

> Further, if Plaintiff's No Evidence Motion for Summary Judgment is not granted on any of Defendant's counterclaims or defenses, Plaintiff is entitled to summary judgment as a matter of law on Defendant's counterclaims and defenses, as Plaintiff has presented uncontroverted summary judgment evidence disproving a necessary element to each of these counterclaims and defenses.

We conclude that this statement is not sufficient to state a ground for summary judgment.

Rule 166a(c) requires that the motion for summary judgment state specific reasons for the summary judgment. *Travis v. City of Mesquite*, 830 S.W.2d 94, 99-100 (Tex. 1992). The grounds in the motion are sufficiently specific if the motion gives "fair notice" to the non-movant. *Thomas v. Cisneros*, 596 S.W.2d 313, 316 (Tex.Civ.App. – Austin 1980, writ ref'd n.r.e.). The grounds must be clear, however. We cannot "'read between the lines, infer or glean from the pleadings or the proof' any grounds for granting the summary judgment other than those grounds expressly set forth before the trial court [in the motion for summary judgment]." *McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 343 (Tex. 1993) (quoting *Clark v. First Nat'l Bank of Highlands*, 794 S.W.2d 953, 956 (Tex.App. – Houston [1st Dist.] 1990, no writ)).

We are guided in our analysis by the Dallas Court of Appeals' decision in *Murphy v. McDaniel*, No. 05-01-00516-CV, 2002 WL 980850 (Tex.App. – Dallas May 14, 2002, pet. denied) (not designated for publication). There, the motion for summary judgment attacked the nonmovant's claim for statutory fraud. *Id.* at *4. The motion set out the elements of statutory fraud and then stated the conclusion that there was nothing in the transactions between the parties that "would lead to a scintilla of inference of fraud." *Id.* The court held that the motion did not set forth a ground for summary judgment. *Id.* "Merely stating the elements of [the nonmovant's] statutory fraud claim and then asserting entitlement to summary judgment is not a statement of the grounds relied upon to obtain summary judgment." *Id.* The court concluded that the motion failed to challenge any particular aspect of the fraud claim, made only conclusory statements about the merits of the claim as a whole, and therefore the "motion for summary judgment was legally insufficient because it did not state any grounds upon which summary [judgment] could have been granted[.]" *Id.* at *5; *see also Pico v. Capriccio Italian Restaurant, Inc.*, 209 S.W.3d 902, 906 n.1 (Tex.App. – Houston [14th Dist.] 2006, no pet.) (merely stating the party was moving for summary judgment based on its affirmative defenses and setting out the standard applicable to motions based on affirmative defenses was "not an express statement of a summary judgment ground" and would not be considered on appeal).

Likewise, Solorio's motion fails to challenge any particular aspect of Ordonez's counterclaim for fraudulent inducement. His motion does not set out the elements of fraudulent inducement. It does not discuss or challenge any of the elements or attempt to correlate any of the attached evidence to the counterclaim for fraudulent inducement. The motion states only that Solorio is entitled to summary judgment on Ordonez's counterclaims, sets out the summary

15

judgment standard, and asserts the conclusion that the "uncontroverted summary judgment evidence" meets that standard. We conclude this is legally insufficient to state a ground for summary judgment. We sustain Issue Four.

### Ordonez's breach of contract counterclaim and Solorio's actual damages

In Issue Five, Ordonez contends that his affidavit raised material fact issues precluding summary judgment on his breach of contract counterclaim and the award of actual damages to Solorio, and that the trial court abused its discretion in granting Solorio's objections to his affidavit. As mentioned above, Ordonez concedes there is sufficient evidence to support summary judgment for Solorio on liability and damages for $1,200 for conversion of the copper coils, and on liability as to Solorio's causes of action for breach of contract, negligent misrepresentation, and DTPA violations, but asserts that fact issues remain as to actual damages for those causes of action and as to his counterclaim for breach of contract.

In particular, Ordonez points out that in his affidavit, he testified that "Solorio refused to pay" and was "attempting to defraud [him] of a portion of [his] sales price," and that the HVAC unit worked "perfectly" after installation when his workers left the property. Ordonez also testified that the HVAC unit had a one-year warranty and that he could "have repaired any problem" with the unit but that Solorio never informed him of any issues with the unit. Ordonez contends this testimony creates fact issues concerning Solorio's damages and Ordonez's breach of contract counterclaim.

Since the trial court granted Solorio's objections to Ordonez's affidavit and did not consider it in granting summary judgment, we must first determine what portions of that affidavit if any the trial court improperly refused to consider. We review a trial court's ruling concerning

16

the admission or exclusion of summary judgment evidence for an abuse of discretion. *First State Bank of Mesquite v. Bellinger & Dewolf, LLP*, 342 S.W.3d 142, 147 (Tex.App. – El Paso 2011, no pet.); *Barraza v. Eureka Company,* 25 S.W.3d 225, 228 (Tex.App. – El Paso 2000, pet. denied). A trial court abuses its discretion if it acts in an arbitrary or unreasonable manner without reference to any guiding rules or principles. *Bowie Memorial Hospital v. Wright,* 79 S.W.3d 48, 52 (Tex. 2002); *First State Bank of Mesquite*, 342 S.W.3d at 147. When reviewing matters committed to the trial court's discretion, a court of appeals may not substitute its own judgment for that of the trial court. *Bowie,* 79 S.W.3d at 52; *First State Bank of Mesquite*, 342 S.W.3d at 147.

Solorio objected to the statement in Ordonez's affidavit that he was attempting to defraud Ordonez of a portion of the sales price as, among other things, a legal and unsupported factual conclusion. Ordonez's affidavit does not otherwise provide facts supporting this conclusion. Legal conclusions and conclusory statements in an affidavit, without more, are insufficient to establish a right to summary judgment as a matter of law. *See Fairbank v. First American Bank, S.S.B.,* No. 05–06–00005–CV, 2007 WL 2247371, at *2 (Tex.App. – Dallas August 7, 2007, no pet.) (mem. op., not designated for publication) (in suit on note and guaranty, affiant's statements regarding principal balance and accrued interest owed, which did not present underlying facts or documentation such as a ledger sheet or any other document with supporting facts regarding history of the account, was conclusory and insufficient to support entitlement to summary judgment as a matter of law) (citing *Schultz v. Gen. Motors Acceptance Corp.,* 704 S.W.2d 797, 798 (Tex.App. – Dallas 1985, no writ)); *see also Rockwall Commons Associates, Ltd. v. MRC Mortgage Grantor Trust I*, 331 S.W.3d 500, 512 (Tex.App. – El Paso 2010, no pet.). We conclude the trial court did not abuse its discretion in sustaining the objection on that basis and in

17

excluding that statement from consideration.

Likewise, Solorio objected to the statement that the HVAC unit worked perfectly after installation when Ordonez's workers left the property because it failed to show any basis of personal knowledge and was an unsupported factual conclusion. We agree. Ordonez's affidavit does not establish how he personally knew the unit was working perfectly after his workers left the property, and the conclusion that the unit was "working perfectly" is not supported by any underlying facts or documentation supporting that conclusion. In this regard, to the extent Ordonez relied on the documents attached to his affidavit as support, the trial court properly sustained Solorio's objection that there was no predicate provided in the affidavit to support admission of those documents.

The only other statements Ordonez relies on to argue there were fact issues as to his counterclaim for breach of contract and Solorio's actual damages is that Solorio refused to pay and that Ordonez could have repaired any problems if Solorio had informed him of any problems. Even if we assume that these statements were admissible, they were insufficient to avoid summary judgment for actual damages or to raise a fact issue as to the counterclaim for breach of contract.

Solorio's affidavit set out the myriad of problems arising from the faulty installation and the damages he suffered. The trial court properly excluded Ordonez's contrary testimony in his affidavit that the unit was working perfectly after installation and that Solorio was attempting to defraud him. Consequently, there is no evidence contrary to Solorio's affidavit establishing the damages he suffered due to the deficiencies in the installation. Further, Solorio's evidence established Ordonez's material breach of the agreement thereby excusing any further payment. *See Mustang Pipeline Co. v. Driver Pipeline Co.*, 134 S.W.3d 195, 196 (Tex. 2004) ("It is a

18

fundamental principle of contract law that when one party to a contract commits a material breach of that contract, the other party is discharged or excused from further performance."); *Hernandez v. Gulf Group Lloyds,* 875 S.W.2d 691, 692 (Tex. 1994).

Moreover, there no evidence that Solorio was required to make a warranty claim before seeking damages. To the extent Ordonez is arguing that Solorio could have mitigated his damages if he had informed Ordonez of the problems and made a warranty claim, he failed to raise a fact issue on mitigation. To raise a fact issue on mitigation, Ordonez was required to show not only that Solorio had failed to mitigate but also the amount by which Solorio could have reduced his damages. *See Neel v. Tenet Health Sys. Hosps. Dallas, Inc.,* 378 S.W.3d 597, 607 (Tex.App. – Dallas 2012, pet. denied). A defendant is not entitled to any reduction for damages if he does not prove the damages that could have been avoided. *Austin Hill Country Realty, Inc. v. Palisades Plaza, Inc.,* 948 S.W.2d 293, 299 (Tex. 1997); *Hoppenstein Props., Inc. v. Schober,* 329 S.W.3d 846, 849 (Tex.App. – Fort Worth 2010, no pet.). To the extent Ordonez is arguing mitigation, we conclude the trial court did not err in granting summary judgment on the actual damages because Ordonez provided no evidence of the damages that could have been avoided if Solorio had properly mitigated. *See Levertov v. Hold Properties, Ltd.*, No. 11-11-00284-CV, 2014 WL 887225, at *4-5 (Tex.App. – Eastland Feb. 27, 2014, no pet.) (mem. op., not designated for publication) (holding that the nonmovant failed to raise a fact issue on mitigation by not raising a fact issue as to the amount of damages that could have been avoided had the movant properly mitigated his damages); *Cole Chem. & Distrib., Inc. v. Gowing,* 228 S.W.3d 684, 688–89 (Tex.App. – Houston [14th Dist.] 2005, no pet.); *CBS Outdoor, Inc. v. Potter,* No. 01–11–00650–CV, 2013 WL 269091, at *11 (Tex.App. – Houston [1st Dist.] Jan. 24, 2013, pet. denied) (mem.

19

op., not designated for publication).   Issue Five is overruled.

## CONCLUSION

We affirm the trial court's judgment in part and reverse and remand in part.   We affirm the judgment as to liability and actual damages for Solorio under his conversion, negligent misrepresentation, and DTPA causes of action, and we affirm the judgment that Ordonez take nothing on his breach of contract counterclaim.   We reverse the judgment on Solorio's claim for additional damages under the DTPA and that Ordonez take nothing on his fraudulent inducement counterclaim and remand those claims for trial.   Because we are remanding on Ordonez's counterclaim for fraudulent inducement, which if proven could be a complete defense to enforcement of the agreement,[5] we also reverse and remand for trial Solorio's claim for breach of contract, including any awards of actual damages and attorney's fees to the extent those damages or fees were awarded solely based on that cause of action.

STEVEN L. HUGHES, Justice

October 30, 2015

Before Rodriguez, J., Hughes, J., and Larsen, J. (Senior Judge)
Larsen, J. (Senior Judge), sitting by assignment

---

[5] Fraudulent inducement is a valid defense to enforcement of a contract.   *Forman v. Classic Century Homes, Ltd.*, No. 02-12-00362-CV, 2014 WL 6840173, at *7 (Tex.App. – Fort Worth Dec. 4, 2014, no pet.) (mem. op., not designated for publication); *see also ReadyOne Indus., Inc. v. Flores*, 460 S.W.3d 656, 665 (Tex.App. – El Paso 2014, pet. denied).   Fraud in the inducement is fatal to a contract and a good defense against enforcement of such contract. *Roberts v. Tipton*, 562 S.W.2d 921, 923 (Tex.Civ.App. – Waco 1978, writ ref'd n.r.e.).

20