COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | | |
|---|---|---|
| ANNETTE BURRUS, | § | No. 08-13-00333-CV |
| Appellant, | § | Appeal from the |
| v. | § | 346th District Court |
| TORNILLO DTP VI, L.L.C., | § | of El Paso County, Texas |
| Appellee. | § | (TC# 2012-DCV04391) |
| | § | |

## MEMORANDUM OPINION

Tornillo DTP VI, L.L.C., sued Annette Burrus for breach of a real estate purchase contract. The trial court granted summary judgment to Tornillo. On appeal, Burrus contends the summary judgment was erroneously based on an affidavit containing inadmissible hearsay and that the relevant purchase contract did not allow for the damages awarded to Tornillo. But, Burrus has failed to include the allegedly deficient affidavit or the real estate purchase contact in the record on appeal. We therefore must presume the omitted evidence supports the trial court's summary judgment. Accordingly, we affirm.

## BACKGROUND

This case concerns a real estate purchase contract originally executed by Franklin Land

Associates and Burrus, in which Burrus agreed to sell Franklin a tract of land.[1]  As part of the purchase contract, Franklin and Burrus agreed that Burrus would relocate a mobile home located on the property and deliver the property to the buyer within 30 days after closing.  Tornillo asserted that during the negotiations for the purchase contract, Burrus represented that the Reyes family, who were living in the mobile home on the property, were mere tenants who could be removed from the property on 30-days' notice.

Franklin subsequently assigned the purchase contract to Tornillo DTP VI, L.L.C. Tornillo contended that the whole purpose of the purchase contract for the property was to fulfill a lease obligation it had with Dollar General, who was going to utilize the property for a store. Construction on the store commenced in 2012, but the Reyes family and the mobile home still remained on the property.   The Reyes family sued Tornillo alleging that they had an oral contract for deed and were owners of a portion of the property.   The Reyes family obtained a temporary restraining order, which forced the suspension of construction, resulting in substantial delay and significant expenses, and increased the likelihood that Dollar General would terminate its lease and prosecute its own claims against Tornillo for damages.   To minimize possible delays and damages, Tornillo settled with the Reyes family.

Tornillo subsequently filed suit against Burrus for breach of the purchase contract, seeking damages arising from her failure to remove the Reyes family and their mobile home from the property.   Tornillo sought and obtained summary judgment in its favor.

## DISCUSSION

In three issues, Burrus contends that the affidavit Tornillo filed in support of its motion for

---

[1]  Because Burrus failed to include both the purchase contract and the affidavit proving up the contract and the facts surrounding the purchase and sale of the property, we take these facts from Tornillo's petition.

2

summary judgment is riddled with inadmissible hearsay, and that the purchase contract only allowed for specific performance or recession as remedies for breach, and not the money damages awarded by the trial court. However, Burrus has failed to include both the affidavit and the real estate purchase contact in the record on appeal.

Burrus was aware of these omissions as indicated in a footnote in her brief in which she asserts the District Clerk omitted pages from Tornillo's motion for summary judgment. But, the case summary in the clerk's record shows that the affidavit and purchase contract in support of Tornillo's motion for summary judgment were filed separately from the motion. And, Burrus did not request that the affidavit and purchase contract be included in the clerk's record. Further, despite her knowledge that these items were not included in the record on appeal, Burrus never requested that the District Clerk supplement the record on appeal.

Instead, in an attempt to cure her omission of the affidavit and purchase contract from the record on appeal, Burrus has opted to attach them as an appendix to her brief. However, documents attached to an appellate brief that have not been made part of the record cannot be considered on appeal. *Robb v. Horizon Communities Improvement Ass'n, Inc.,* 417 S.W.3d 585, 589 (Tex.App. – El Paso 2013, no pet.); *Warriner v. Warriner,* 394 S.W.3d 240, 254 (Tex.App. – El Paso 2012, no pet.) (holding that documents attached to a brief as an exhibit or an appendix, but not appearing in the record, cannot be considered on appellate review); *Fox v. Wardy,* 234 S.W.3d 30, 33 (Tex.App. – El Paso 2007, pet. dism'd w.o.j.) (refusing to consider an affidavit attached to brief because it was not part of the appellate record). We therefore cannot, and do not, consider the documents appended to Burrus's brief in our review.

It was Burrus's burden "to bring forward the record of the summary judgment evidence to

provide appellate courts with a basis to review [her] claim of harmful error." *Enter. Leasing Co. of Houston v. Barrios*, 156 S.W.3d 547, 549-50 (Tex. 2004). When pertinent summary judgment evidence considered by the trial court is not included in the appellate record, we must presume that the omitted evidence supports the trial court's judgment. *Id.*; *Reeves County v. Houston Cas. Co.*, 356 S.W.3d 664, 676 (Tex.App. – El Paso 2011, no pet.). Consequently, we must presume that the affidavit and the purchase contract supported the trial court's summary judgment in favor of Tornillo.

In any event, while Burrus filed written objections to the affidavit as containing inadmissible hearsay, she did not obtain a written ruling on those objections. A defect in form of summary judgment evidence requires both an objection and a ruling in the record to argue the defect as a ground for reversal on appeal. TEX.R.CIV.P. 166a(f); *Giese v. NCNB Tex. Forney Banking Ctr.*, 881 S.W.2d 776, 782 (Tex.App. – Dallas 1994, no writ). Evidence that contains hearsay is defective as to form, and defects in form must be raised in the trial court, and the trial court must rule upon the objection, or the objection is waived. *Vasquez v. S. Tire Mart, LLC*, 393 S.W.3d 814, 819 (Tex.App. – El Paso 2012, no pet.).

Failure to obtain written rulings on objections to summary judgment evidence waives the issue, unless the record contains an implicit ruling by the trial court. *Trinh v. Campero*, 372 S.W.3d 741, 744-45 (Tex.App. – El Paso 2012, no pet.); *Torres v. GSC Enterprises, Inc.,* 242 S.W.3d 553, 560 (Tex.App. – El Paso 2007, no pet.); *Strunk v. Belt Line Road Realty Co.,* 225 S.W.3d 91, 99 (Tex.App. – El Paso 2005, no pet.); *see* TEX.R.APP.P. 33.1(a)(2)(A) (trial court must either expressly or implicitly rule on an objection in order for an issue to be preserved for review). In order for an "implicit" ruling to exist, there must be something in the record reflecting

that the trial court ruled on the objections, other than the mere granting of the motion for summary judgment. *Trinh*, 372 S.W.3d at 745; *Torres,* 242 S.W.3d at 560; *Strunk,* 225 S.W.3d at 99. Other than the mere granting of the motion for summary judgment, the record here does not establish that the trial court expressly or impliedly ruled on Burrus's hearsay objections to the affidavit.

Thus, even if we ignored the deficiencies in the record on appeal, Burrus has failed to preserve any error concerning the trial court's consideration of the alleged hearsay in the affidavit. We overrule all of Burrus's issues.

## CONCLUSION

The trial court's judgment is affirmed.


STEVEN L. HUGHES, Justice

November 13, 2015

Before McClure, C.J., Rodriguez, and Hughes, JJ.

5