COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS


| | | |
|---|---|---|
| ANNETTE BURRUS, | § | No. 08-13-00333-CV |
| Appellant, | § | Appeal from the |
| v. | § | 346th District Court |
| TORNILLO DTP VI, L.L.C., | § | of El Paso County, Texas |
| Appellee. | § | (TC# 2012-DCV04391) |
| | § | |

## MEMORANDUM OPINION ON REHEARING

We issued our original opinion in this case on November 13, 2015. Appellant Annette Burrus filed a motion for rehearing. We grant Burrus's motion for rehearing, withdraw our opinion of November 13, 2015, and substitute the following opinion.

Tornillo DTP VI, L.L.C., sued Annette Burrus for breach of a real estate purchase contract. The trial court granted summary judgment to Tornillo. On appeal, Burrus contends the summary judgment was erroneously based on an affidavit containing inadmissible hearsay and that the relevant purchase contract did not allow for the damages awarded to Tornillo. We affirm.

## BACKGROUND

This case concerns a real estate purchase contract originally executed by Franklin Land

Associates and Burrus, in which Burrus agreed to sell Franklin a tract of land.[1] As part of the purchase contract, Franklin and Burrus agreed that Burrus would relocate a mobile home located on the property and deliver the property to the buyer within 30 days after closing. Tornillo asserted that during the negotiations for the purchase contract, Burrus represented that the Reyes family, who were living in the mobile home on the property, were mere tenants who could be removed from the property on 30-days' notice.

Franklin subsequently assigned the purchase contract to Tornillo DTP VI, L.L.C. Tornillo contended that the whole purpose of the purchase contract for the property was to fulfill a lease obligation it had with Dollar General, who was going to utilize the property for a store. Construction on the store commenced in 2012, but the Reyes family and the mobile home still remained on the property. The Reyes family sued Tornillo alleging that they had an oral contract for deed and were owners of a portion of the property. The Reyes family obtained a temporary restraining order, which forced the suspension of construction, resulting in substantial delay and significant expenses, and increased the likelihood that Dollar General would terminate its lease and prosecute its own claims against Tornillo for damages. To minimize possible delays and damages, Tornillo settled with the Reyes family.

Tornillo subsequently filed suit against Burrus for breach of the purchase contract, seeking damages arising from her failure to remove the Reyes family and their mobile home from the property. Tornillo sought and obtained summary judgment in its favor.

## DISCUSSION

In three issues, Burrus contends that the affidavit Tornillo filed in support of its motion for summary judgment is riddled with inadmissible hearsay, and that the purchase contract only

---

[1] We take these facts from Tornillo's petition.

2

allowed for specific performance or recession as remedies for breach, and not the money damages awarded by the trial court.

While Burrus filed written objections to the affidavit as containing inadmissible hearsay, she did not obtain a written ruling on those objections. A defect in form of summary judgment evidence requires both an objection and a ruling in the record to argue the defect as a ground for reversal on appeal. TEX.R.CIV.P. 166a(f); *Giese v. NCNB Tex. Forney Banking Ctr.*, 881 S.W.2d 776, 782 (Tex.App. – Dallas 1994, no writ). Evidence that contains hearsay is defective as to form. Defects in form must be raised in the trial court, and the trial court must rule upon the objection, or the objection is waived. *Vasquez v. S. Tire Mart, LLC*, 393 S.W.3d 814, 819 (Tex.App. – El Paso 2012, no pet.).

Failure to obtain written rulings on objections to summary judgment evidence waives the issue, unless the record contains an implicit ruling by the trial court. *Trinh v. Campero*, 372 S.W.3d 741, 744-45 (Tex.App. – El Paso 2012, no pet.); *Torres v. GSC Enterprises, Inc.,* 242 S.W.3d 553, 560 (Tex.App. – El Paso 2007, no pet.); *Strunk v. Belt Line Road Realty Co.,* 225 S.W.3d 91, 99 (Tex.App. – El Paso 2005, no pet.); *see* TEX.R.APP.P. 33.1(a)(2)(A) (trial court must either expressly or implicitly rule on an objection in order for an issue to be preserved for review). In order for an "implicit" ruling to exist, there must be something in the record reflecting that the trial court ruled on the objections, other than the mere granting of the motion for summary judgment. *Trinh*, 372 S.W.3d at 745; *Torres,* 242 S.W.3d at 560; *Strunk,* 225 S.W.3d at 99. Other than the mere granting of the motion for summary judgment, the record here does not establish that the trial court expressly or impliedly ruled on Burrus's hearsay objections to the affidavit. Thus, Burrus has failed to preserve any error concerning the trial court's consideration

of the alleged hearsay in the affidavit.

In support of her contention that the purchase contract only allowed for specific performance or recession as remedies for breach, Burrus relies on the following "default" provision in the contract:

> If [Burrus] defaults, Buyer may avail itself of the remedy of specific performance or terminate this Agreement by written notice to [Burrus], whereupon the Earnest Money shall be refunded to Buyer as full and complete liquidated damages for such default and [Burrus] shall reimburse Buyer for all out-of-pocket expenses.

Remedies provided in a contract may be permissive or exclusive. *Pelto Oil Corp. v. CSX Oil & Gas Corp.,* 804 S.W.2d 583, 586 (Tex.App. – Houston [1st Dist.] 1991, writ denied). The mere fact that the contract includes a particular remedy does not mean that remedy is exclusive. *Id.*; *Bifano v. Young,* 665 S.W.2d 536, 539 (Tex.App. – Corpus Christi 1983, writ ref'd n.r.e.). Courts should not construe a remedy specified in the contract as exclusive unless the parties have clearly indicated their intent that it be exclusive. *Vandergriff Chevrolet Co. v. Forum Bank,* 613 S.W.2d 68, 70 (Tex.Civ.App. – Fort Worth 1981, no writ). In general, a contract must specify that a remedy is the "sole and exclusive remedy" in order to limit recovery for breach. *See, e.g., Crow–Billingsley Stover Creek, Ltd. v. SLC McKinney Partners, L.P.,* No. 05-09-00962-CV, 2011 WL 3278520, at *7–8 (Tex.App. – Dallas Aug. 2, 2011, no pet.) (mem.op.) (holding that by using the terms "sole and exclusive remedy," the parties intended that recovery of earnest money was the only remedy, thus precluding a breach-of-contract action); *see also Winston Acquisition Corp. v. Blue Valley Apartments, Inc.,* 436 S.W.3d 423, 430 (Tex.App. – Dallas 2014, no pet.) (holding that the language "seller may terminate this agreement and receive or retain, as seller's sole and exclusive remedy, the deposit from the title company as seller's liquidated damages" entitled seller to receive those funds as its exclusive remedy).

4

The default provision in the present case is permissive, not exclusive. The plain language provides that the buyer "may" seek specific performance or termination of the agreement, and that "whereupon" the buyer's remedy is limited to a refund of the earnest money and reimbursement for out-of-pocket expenses. Under the terms of the purchase contract, Tornillo had the option to seek specific performance or termination. Only if Tornillo elected one of those options would its damages be limited to a refund of the earnest money and reimbursement for its out-of-pocket expenses. *See Allen v. King*, No. 12–03–00140-CV, 2004 WL 252097, at *3 (Tex.App. – Tyler Feb. 11, 2004, no pet.) (mem.op.) (concluding that where there is no language indicating the parties intend the contractual remedies to be exclusive, a party can pursue any action available in order to obtain a remedy).

Tornillo did not sue for specific performance or to terminate the purchase contract. It sued for the consequential damages arising from Burrus's breach of her agreement to relocate the mobile home located on the property and to deliver the property to the buyer within 30 days after closing. Consequently, the purchase contract did not prevent Tornillo from the recovery of money damages arising from Burrus's breach of contract.

We overrule all of Burrus's issues.

## CONCLUSION

The trial court's judgment is affirmed.

STEVEN L. HUGHES, Justice

December 11, 2015

Before McClure, C.J., Rodriguez, and Hughes, JJ.

5