# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-15-00020-CV

**James V. Long, Appellant**

**v.**

**Southwest Funding, L.P.; OneWest Bank, FSB; IndyMac Mortgage Services; and Deutsche Bank National Trust Co., Appellees**

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 126TH JUDICIAL DISTRICT NO. D-1-GN-10-003483, HONORABLE TIM SULAK, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

Appellant James V. Long filed suit against appellees Southwest Funding, L.P. (Southwest Funding), OneWest Bank, FSB (OneWest), IndyMac Mortgage Services (IndyMac), and Deutsche Bank National Trust Co. (Deutsche Bank), alleging claims of wrongful foreclosure, fraud, and violation of the Truth in Lending Act (TILA) based on appellees' foreclosure of his homestead after he defaulted on a home-equity loan. Long also sought declaratory relief, requesting declarations that his loan had been paid in full and that appellees could not foreclose on the property.

OneWest, IndyMac, and Deutsche Bank filed a counterclaim seeking a declaratory judgment confirming their right to foreclose on the property. Long then filed a motion for partial summary judgment, and appellees filed traditional and no-evidence summary-judgment motions.[1]

---

[1] OneWest, IndyMac, and Deutsche Bank joined in filing a traditional and no-evidence summary-judgment motion, and Southwest Funding then filed its own traditional and no-evidence motion incorporating the substance of the other appellees' motions. We need not decide the

In two orders, the trial court granted appellees' motions and ordered that Long take nothing in his suit.[2] Long appeals from the trial court's orders with respect to appellees' traditional summary-judgment motions but does not appeal the implicit denial of his motion or the portion of the orders granting appellees' no-evidence summary-judgment motions with respect to his fraud claim. We will affirm the trial court's orders.

## BACKGROUND

The record shows that on March 16, 2007, Long executed an agreement with Southwest Funding to obtain a home-equity loan in the amount of $710,400. The debt was secured by a Texas Home Equity Security Instrument granting a first lien on Long's property. After Long defaulted on the loan and failed to cure the default, Deutsche Bank, as purported successor and assign, filed an application for judicial foreclosure in the district court in Travis County (the first lawsuit). *See* Tex. R. Civ. P. 736. The district court rendered judgment in that proceeding allowing Deutsche Bank to proceed with a foreclosure sale of the property. Long filed a motion for new trial, which the trial court granted. There is no indication in the record of a new trial being conducted or the resolution of the first lawsuit. Rather, the record indicates that Deutsche Bank obtained and filed

---

propriety of a defendant adopting a co-defendant's summary-judgment motion because Long does not raise the issue on appeal. *See* Tex. R. App. P. 38.1(i); *Lairsen v. Slutzky*, 80 S.W.3d 121, 130 (Tex. App.—Austin 2002, pet. denied).

[2] The orders granting appellees' motions for summary judgment constitute an implicit denial of Long's motion for summary judgment. *See 2004 Dodge Ram v. State*, No. 03-14-00704-CV, 2016 WL 4515936, at *2 n.3 (Tex. App.—Austin Aug. 26, 2016, no pet.) (mem. op.); *General Agents Ins. Co. of Am., Inc. v. El Naggar*, 340 S.W.3d 552, 557 (Tex. App.—Houston [14th Dist.] 2011, pet. denied).

a substitute trustee's deed to the property after a foreclosure sale. Shortly after the foreclosure sale occurred, Long filed the underlying suit against appellees that is the subject of this appeal.

In May 2013, while Long's underlying suit was pending, Deutsche Bank filed a "Statement of Facts to Purge Real Property Records" in the official public records of Travis County stating that the substitute trustee's deed obtained in the foreclosure sale was void due to a failure to meet required "conditions precedent" prior to the sale. The statement further expressed that Deutsche Bank "ha[d] not accepted delivery of [the substitute trustee's deed]," that there "ha[d] been no conveyance of the Property by the Deed," and that "[t]itle to said property is vested in James V. Long." Presumably these actions were in response to the first lawsuit, but the record is unclear on this point. In 2014, the trial court granted appellees' summary-judgment motions and implicitly denied Long's summary-judgment motion in Long's underlying suit. This appeal followed.

## DISCUSSION

Long contends that the trial court erred in granting appellees' traditional summary judgment with respect to: (1) his TILA claim, (2) his wrongful-foreclosure claim, and (3) appellees' counterclaim for judicial foreclosure. We will address each claim under its applicable summary-judgment standard below.

### *Standard of Review*

We review summary judgments de novo. *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). A traditional motion for summary judgment must show that there is no genuine issue as to a specified material fact and, therefore, that the moving party is entitled to

judgment as a matter of law. Tex. R. Civ. P. 166a(c); *Browning v. Prostok*, 165 S.W.3d 336, 344 (Tex. 2005). When defendants move for summary judgment on a plaintiff's claims (as appellees did with regard to Long's wrongful-foreclosure and TILA claims in this case), the defendants must disprove at least one element of each claim as a matter of law. *Friendswood Dev. Co. v. McDade & Co.*, 926 S.W.2d 280, 282 (Tex. 1996); *Kalyanaram v. University of Tex. Sys.*, 230 S.W.3d 921, 925 (Tex. App.—Dallas 2007, pet. denied). If the defendants meet their burden, the plaintiff must respond and present evidence raising a fact issue. *See Rhone–Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 222–23 (Tex. 1999). When defendants move for a traditional summary judgment on their counterclaim (as appellees did with respect to their counterclaim for judicial foreclosure in this case), they must conclusively prove all essential elements of their counterclaim. *See id.* at 223. If they conclusively establish their counterclaim, the burden shifts to the plaintiff to respond to the summary judgment. *See M.D. Anderson Hosp. & Tumor Inst. v. Willrich*, 28 S.W.3d 22, 23 (Tex. 2000).

Where, as here, a trial court's order granting summary judgment does not specify the ground or grounds relied on for its ruling, summary judgment will be affirmed on appeal if any of the theories presented to the trial court and preserved for appellate review are meritorious. *Provident Life*, 128 S.W.3d at 216; *Star-Telegram, Inc. v. Doe*, 915 S.W.2d 471, 473 (Tex. 1995).

### *Long's Claims*

#### A.    TILA Claim

In his petition, Long alleged that appellees failed to comply with the Truth in Lending Act in their disclosures to him regarding the home-equity loan.[3]    In their motion for summary

---

[3] The Truth in Lending Act protects consumers from inaccurate and unfair credit practices. *See* 15 U.S.C. §§ 1601-1667.

4

judgment, appellees alleged that Long's claim failed as a matter of law on two grounds: (1) because appellees did not violate TILA, and (2) because the claim was barred by the applicable statute of limitations.[3] On appeal, Long challenges only the first ground and does not challenge the ground regarding the statute of limitations. When the trial court does not specify the basis for its summary judgment, as in this case, the appellant must attack all independent bases or grounds that support the judgment. *See Schuetz v. Source One Mortg. Servs. Corp.*, No. 03-15-00522-CV, 2016 WL 4628048, at *6 (Tex. App.—Austin Sept. 1, 2016, no pet. h.) (mem. op.); *Oliphant Fin. LLC v. Angiano*, 295 S.W.3d 422, 423 (Tex. App.—Dallas 2009, no pet.). When an appellant fails to challenge each possible ground for summary judgment, we must uphold the judgment on the unchallenged grounds. *See Malooly Bros., Inc. v. Napier*, 461 S.W.2d 119, 121 (Tex. 1970); *Schuetz*, 2016 WL 4628048, at *6; *Humphries v. Advanced Print Media*, 339 S.W.3d 206, 208 (Tex. App.—Dallas 2011, no pet.). Because Long did not challenge one of the grounds on which the trial court could have granted summary judgment regarding his TILA claim, we affirm the summary judgment as to that claim. *See Malooly*, 461 S.W.2d at 121; *Schuetz*, 2016 WL 4628048, at *6.

### B. Wrongful-Foreclosure Claim

In his petition in the trial court, Long alleged a wrongful-foreclosure claim and sought rescission of the foreclosure sale and damages. He asserts on appeal that the trial court erred in granting summary judgment on this claim. The elements of a wrongful foreclosure claim are: (1) a defect in the foreclosure-sale proceedings; (2) an inadequate selling price; and (3) a

---

[3] A one-year statute of limitations governs claims brought under the Truth in Lending Act, running from the date of each violation. *See id.* § 1640(e).

5

causal connection between the defect and the inadequate selling price. *See Estate of Broughton v. Financial Freedom Senior Funding Corp.*, No. 13-14-00091-CV, 2016 WL 2955058, at \*3 (Tex. App.—Corpus Christi, May 19, 2016, pet. filed) (mem. op.); *Buchanan v. Compass Bank*, No. 02-14-00034-CV, 2015 WL 222143, at \*5 (Tex. App.—Fort Worth Jan. 15, 2015, pet. denied) (mem. op.); *Charter Nat'l Bank-Houston v. Stevens*, 781 S.W.2d 368, 371 (Tex. App.—Houston [14th Dist.] 1989, writ denied).

The proper remedy for wrongful foreclosure is either: (1) damages equal to the difference between the value of the property and the indebtedness; or (2) the setting aside of the foreclosure sale. *See Pinnacle Premier Prop., Inc. v. Breton*, 447 S.W.3d 558, 565 (Tex. App.—Houston [14th Dist.] 2014, no pet.); *Wells Fargo Bank, N.A. v. Robinson*, 391 S.W.3d 590, 593–94 (Tex. App.—Dallas 2012, no pet.). A plaintiff seeking damages for wrongful foreclosure must show that (1) there was an irregularity in the foreclosure sale and (2) the irregularity caused the plaintiff damages. *See University Sav. Ass'n v. Springwoods Shopping Ctr.*, 644 S.W.2d 705, 706 (Tex. 1982); *Houston Omni USA Co. v. Southtrust Bank Corp., N.A.*, No. 01-07-00433-CV, 2009 WL 1161860, at \*6 (Tex. App.—Houston [1st Dist.] Apr. 30, 2009, no pet.) (mem. op.).

In appellees' summary-judgment motion, they argued that Long's wrongful-foreclosure claim failed as a matter of law because Long did not suffer any injury. There was no injury, they argued, because Long was still in possession of the property. Further, they attached to their motion a document showing that they had rescinded the foreclosure sale and that title to the property remained in Long's name. The document was titled, "Statement of Facts to Purge Real Property Records," was made by the substitute trustee for Deutsche Bank, and was filed

6

by Deutsche Bank in the official public records of Travis County. In the statement, the substitute trustee explained that the statement was being filed "to purge the official real property records of all evidence of the putative foreclosure sale" in this case. The trustee also stated that the substitute trustee's deed obtained in the foreclosure sale was void due to a failure to meet required "conditions precedent" prior to the sale. In addition, the trustee stated that Deutsche Bank "ha[d] not accepted delivery of [the substitute trustee's deed]," that there "ha[d] been no conveyance of the Property by the Deed," and that "[t]itle to said property is vested in James V. Long." Further, Long did not dispute in the trial court and does not dispute on appeal that he was still in possession of the property and still held title to the property at the time of the summary-judgment proceedings.

Because there is no dispute that title to and possession of the property remained with Long, we conclude that appellees established as a matter of law that Long suffered no injury from the rescinded foreclosure sale in this case. *See Davis v. Deutsche Bank Nat'l Trust*, No. 03-12-00768-CV, 2015 WL 1967909, at *2 (Tex. App.—Austin Apr. 30, 2015, no pet.) (mem. op.) (summary judgment proper on appellant's wrongful-foreclosure claim where foreclosure sale was rescinded and appellant was still in possession of property); *Robinson*, 391 S.W.3d at 594 (recovery of damages for wrongful-foreclosure claim not appropriate where borrower still holds title to and possesses property). Accordingly, summary judgment was proper on this claim.[4]

---

[4] In his petition, Long also sought declaratory relief. Specifically, he requested declarations "that the note ha[d] been paid in full" and that appellees "ha[d] no right or standing to foreclose any lien secured by [the property]." On appeal, Long does not address his declaratory-judgment claims in any way and has therefore waived appellate review of the trial court's resolution of these claims. *See* Tex. R. App. P. 38.1(i); *Ross v. St. Luke's Episcopal Hosp.*, 462 S.W.3d 496, 500 (Tex. 2015); *Liberty Mut. Ins. Co. v. Griesing*, 150 S.W.3d 640, 648 (Tex. App.—Austin 2004, pet. dism'd w.o.j.).

*Appellees' Counterclaim*

In their Answer to Long's petition, appellees[5] alleged a declaratory-judgment counterclaim seeking a declaration that they were entitled to foreclose on the property pursuant to the security instrument and the applicable foreclosure statutes. They then moved for summary judgment on their counterclaim. Long objected in the trial court to the affidavit supporting the summary-judgment evidence regarding this counterclaim, and he argues on appeal that the trial court erred in considering the affidavit. We will first address Long's objection to the affidavit and then address the merits of the counterclaim.

A. **Objections to Affidavit**

The affidavit to which Long objected is the business-records affidavit of the vice president of OneWest, the mortgage servicer for Deutsche Bank. Long contends on appeal that the affidavit "is wholly inadequate" because (1) the signature block indicates that the vice president signed "in a corporate capacity" and "as if a corporation was testifying" by listing OneWest first before the affiant's name under the signature line, and (2) the affidavit did not show that the vice president had personal knowledge of the exhibits attached to the affidavit. We note that the record shows that Long did not obtain a ruling on his objections, calling into question whether he waived at least one of his objections, *see Grand Prairie Indep. Sch. Dist. v. Vaughan*, 792 S.W.2d 944, 945 (Tex. 1990) (per curiam); *Investment Retrievers, Inc. v. Fisher*, No. 03-13-00510-CV, 2015 WL 3918503, at *4–5 (Tex. App.—Austin June 25, 2015, no pet.) (mem. op.); *Sprayberry*

_____

[5] With respect to the counterclaim, references to "appellees" are references to OneWest, IndyMac, and Deutsche Bank, as Southwest Funding did not file a counterclaim.

*v. Siesta MHC Income Partners, L.P.*, No. 03-08-00649-CV, 2010 WL 1404598, at *2–4 (Tex. App.—Austin Apr. 8, 2010, no pet.) (mem. op.), but even assuming he did not waive his objections, we conclude that the trial court did not err in considering the affidavit.

We review evidentiary rulings in summary-judgment proceedings under an abuse-of-discretion standard. *See Ordonez v. Solorio*, 480 S.W.3d 56, 67–68 (Tex. App.—El Paso 2015, no pet.); *Paciwest, Inc. v. Warner Alan Props., LLC*, 266 S.W.3d 559, 567 (Tex. App.—Fort Worth 2008, pet. denied). A trial court abuses its discretion if it acts without regard to guiding rules or principles. *Owens-Corning Fiberglas Corp. v. Malone*, 972 S.W.2d 35, 43 (Tex. 1998). We must uphold the trial court's evidentiary ruling if there is any legitimate basis for the ruling. *Id.*

Turning to Long's arguments, we are unpersuaded by his first argument focusing on the signature block of the affidavit. Long cites only to authority stating that a party must sign an affidavit and that a corporation itself cannot serve as the signatory on an affidavit, and the affidavit in this case does not run afoul of either of these legal principles. *See* Tex. Gov't Code § 312.011; *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 204–06 (1993). Specifically, the affidavit here makes clear that it was not prepared or signed by a corporate entity but rather was prepared and signed by a person: Charles Boyle, the vice president of OneWest. Specifically, the affidavit is written from Boyle's perspective, states that it was prepared by Boyle, and contains Boyle's signature followed by:

    OneWest Bank, FSB
    By: Charles Boyle
    Its: Vice President

9

Because the affidavit shows that Boyle prepared and signed the affidavit, and because Long does not cite to any authority supporting his position, we reject Long's argument.

We are also unpersuaded by Long's argument that the affidavit does not show that Boyle had personal knowledge of the exhibits attached to his affidavit. In the affidavit, Boyle stated that he was employed by OneWest, that he was "authorized in all respects to make th[e] affidavit," and that "given [his] job duties, every statement contained in [the] affidavit [was] within [his] personal knowledge and [was] true and correct." He further stated:

> In the regular performance of my job functions, I am familiar with business records maintained by OneWest Bank for the purpose of servicing mortgage loans. These records (which include data compilations, electronically imaged documents, and others) are made at or near the time by, or from information provided by, persons with knowledge of the activity and transactions reflected in such records, and are kept in the course of business activity conducted regularly by OneWest Bank. It is the regular practice of OneWest Bank's mortgage servicing business to make these records. The records attached to this Affidavit . . . are true and correct copies of each identified business records as maintained by OneWest.

The affiant in a business-records affidavit is considered a "qualified witness" if the person has personal knowledge of the business's record-keeping practices or of the facts contained within the business records. *See* Tex. R. Evid. 602, 803(6), 902(10); *Rodriguez v. Citimortgage, Inc.*, No. 03-10-00093-CV, 2011 WL 182122, at *4 (Tex. App.—Austin Jan. 6, 2011, no pet.) (mem. op.); *In re E.A.K.*, 192 S.W.3d 133, 142 (Tex. App.—Houston [14th Dist.] 2006, pet. denied). Further, an affiant's position or job responsibilities can qualify him to have personal knowledge of facts and establish how he learned of the facts, and it is sufficient for him to state that he is personally acquainted with the facts and that he has access to, has reviewed, and is familiar with

the records attached to the affidavit. *See Scott v. U.S. Bank, Nat'l Ass'n*, No. 02-12-00230-CV, 2014 WL 3535724, at \*3 (Tex. App.—Fort Worth July 17, 2014, no pet.) (mem. op.); *Valenzuela v. State & Cty. Mut. Fire Ins. Co.*, 317 S.W.3d 550, 553 (Tex. App.—Houston [14th Dist.] 2010, no pet.).

Long specifically argues that Boyle did not have personal knowledge of the documents because they were "documents received from another entity," as OneWest was serving as Deutsche Bank's mortgage servicer. However, an affidavit can still establish an affiant's personal knowledge of the referenced documents even if a third-party created the documents. *See National Health Res. Corp. v. TBF Fin., LLC*, 429 S.W.3d 125, 130 (Tex. App.—Dallas 2014, no pet.); *Roper v. CitiMortgage, Inc.*, No. 03-11-00887-CV, 2013 WL 6465637, at \*12 (Tex. App.—Austin Nov. 27, 2013, pet. denied) (mem. op.); *Ainsworth v. CACH, LLC*, No. 14-11-00502-CV, 2012 WL 1205525, at \*5 (Tex. App.—Houston [14th Dist.] Apr. 10, 2012, pet. denied) (mem. op.); *Simien v. Unifund CCR Partners*, 321 S.W.3d 235, 240–41 (Tex. App.—Houston [1st Dist.] 2010, no pet.); *Nice v. Dodeka, LLC*, No. 09-10-00014-CV, 2010 WL 4514174, at \*4 (Tex. App.—Beaumont Nov. 10, 2010, no pet.) (mem. op.).

Given the information set forth in the affidavit—including Boyle's role as vice president of OneWest and his statements that the documents were made by people with knowledge of the activity and transactions reflected in the documents, that the documents were kept in the regular course of One West's business activity, and that he was familiar with the documents as part of his regular job performance as a mortgage servicer—we reject Long's argument that the affidavit

11

does not demonstrate that Boyle had personal knowledge of the documents. *See* Tex. R. Evid. 602, 803(6), 902(10); *Roper*, 2013 WL 6465637, at *12; *Rodriguez*, 2011 WL 182122, at *4.

Having rejected both of Long's arguments regarding the affidavit, we conclude that the trial court did not abuse its discretion in considering the affidavit.

### B. Counterclaim

As stated above, the trial court granted appellees' summary-judgment motion regarding their counterclaim seeking a declaration that they were entitled to foreclose on the property pursuant to the security instrument and the applicable foreclosure statutes. In its judgment, the trial court specifically stated that appellees were "granted declaratory relief that they may lawfully proceed with the foreclosure sale of the property at issue in this litigation pursuant to the terms of the Deed of Trust and § 51.002 of the Texas Property Code." The counterclaim was brought under former rule 735 of the Texas Rules of Civil Procedure, which allowed a party to file a "counterclaim seeking a final judgment which includes an order allowing foreclosure under the security instrument and Tex. Prop. Code § 51.002." *See* former Tex. R. Civ. P. 735(2) (expired Jan. 1, 2012).

In support of its right to foreclose, Deutsche Bank provided Boyle's business-records affidavit, in which he stated that Long executed a note and security instrument, that the note and security instrument were assigned to Deutsche Bank, that Long had stopped paying on the loan, that Long was sent a notice of default and a notice of acceleration, and that Long still had not cured the default. Attached to the affidavit as further summary-judgment evidence was: (1) the Texas Home Equity Note signed by Long, (2) the Texas Home Equity Security Instrument signed by Long and allowing foreclosure in the event of default, (3) an "Assignment of Note and Deed of Trust" to

12

Deutsche Bank, (4) a notice of default sent to Long, (5) a notice of acceleration sent to Long, and (6) excerpts from the deposition of Long in which he admitted that he had stopped making payments on the loan. Given the evidence presented by Deutsche Bank, we conclude that it established its right to summary judgment as a matter of law on its counterclaim. *See id.*; *Bierwirth v. TIB–The Indep. BankersBank*, No. 03-11-00336-CV, 2012 WL 3239121, at \*4 (Tex. App.—Austin Aug. 10, 2012, no pet.) (mem. op.). Thus, the burden shifted to Long to raise an issue of material fact. *See M.D. Anderson*, 28 S.W.3d at 23.

Long argues that he raised issues of material fact as to whether Deutsche Bank was entitled to foreclose on his property because (1) Deutsche Bank declared that the prior deed it obtained in a foreclosure sale of Long's property was void in a "Statement of Facts to Purge Real Property Records," and Deutsche Bank did not "provide evidence that [it] did anything to correct its prior problems" and (2) Deutsche Bank did not show that it was the holder of the note. As support for his first argument—that Deutsche Bank could no longer seek foreclosure in this suit because it had rescinded a previous foreclosure sale—Long points only to the "Statement of Facts to Purge Real Property Records" itself, in which the substitute trustee for Deutsche Bank stated that "one or more conditions precedent required by Tex R. Civ. P. 54 and Tex. Prop. Code 51.002 to conduct the putative foreclosure sale had not been accomplished." The substitute trustee further stated in the document that "the Deed is void and without force and effect," that Deutsche Bank "ha[d] not accepted delivery of said Deed," and that "[t]itle to said property is vested in James V. Long." The property-code provision referenced in the statement pertains to actions required in conducting a

foreclosure sale of a property.[6] *See* Tex. Prop. Code § 51.002. Long asserts that "the document specifically states that one or more conditions precedent were not performed" and that "the summary judgment evidence does not attempt to provide evidence that Deutsche Bank did anything to correct its prior problems."

However, evidence that Deutsche Bank rescinded a 2010 foreclosure sale is not evidence that the bank cannot conduct another foreclosure sale in 2014, when the trial court granted the summary-judgment motions in this case. Long does not point to any defects in the summary-judgment evidence presented by Deutsche Bank that would potentially prevent Deutsche Bank from foreclosing on the property. For example, he does not contend that he was not in default or that he did not receive proper notice of his default. He has the burden to direct this Court to evidence in the record that supports his contention; it is not our duty to make an independent search of the summary-judgment record for evidence supporting his argument. *See Larsen v. OneWest Bank, FSB*, No. 14-14-00485-CV, 2015 WL 6768722, at *9 (Tex. App.—Houston [14th Dist.] Nov. 5, 2015, no pet.) (mem. op.); *Cottledge v. Roberson*, No. 05-12-00720-CV, 2013 WL 1456653, at *1 (Tex. App.—Dallas Apr. 9, 2013, no pet.) (mem. op.); *Leija v. Laredo Cmty. Coll.*,

---

[6] The other authority referenced, rule 54 of the Texas Rules of Civil Procedure, states the following:

> In pleading the performance or occurrence of conditions precedent, it shall be sufficient to aver generally that all conditions precedent have been performed or have occurred. When such performances or occurrences have been so plead, the party so pleading same shall be required to prove only such of them as are specifically denied by the opposite party.

Tex. R. Civ. P. 54.

14

No. 04-10-00410-CV, 2011 WL 1499440, at *5 (Tex. App.—San Antonio Apr. 20, 2011, no pet.) (mem. op.).  Because Long does not point to any defects in Deutsche Bank's summary-judgment evidence or any authority indicating that Deutsche Bank is not entitled to foreclose on his property, we are unpersuaded by his first argument.

Long likewise fails to raise an issue of material fact regarding his second contention—that Deutsche Bank was not the holder of the note.  Deutsche Bank provided an "Assignment of Note and Deed of Trust" showing that the note was assigned to Deutsche Bank in January 2010.  Long does not challenge the assignment in his brief or even make any mention of it.  Rather, he points to his own affidavit filed in the trial court, in which he stated that "Deutsche Bank is not the holder of note," that he had been "denied access" to the original note despite making numerous demands for it, and that Deutsche Bank representatives made statements to him "to the effect that such note cannot be located."  He argues that the statements in his affidavit are "evidence that Deutsche Bank was not the holder of the note."  However, his own statement in an affidavit that Deutsche Bank was not the note-holder is self-serving and conclusory, as it is unsupported by independent facts, and therefore does not raise a fact issue.  *See Purcell v. Bellinger*, 940 S.W.2d 599, 602 (Tex. 1997); *Brownlee v. Brownlee*, 665 S.W.2d 111, 112 (Tex. 1984); *Garza v. City of Hous.*, No. 14-06-00475-C, 2007 WL 2089287, at *5 (Tex. App.—Houston [14th Dist.] July 24, 2007, no pet.) (mem. op.).

Having rejected both of Long's arguments, we overrule this issue.

## CONCLUSION

We affirm the trial court's summary-judgment orders.

 

 

 

_____

Cindy Olson Bourland, Justice

Before Justices Puryear, Goodwin, and Bourland

Affirmed

Filed:   February 16, 2017